WAXAHACHIE NAT. BANK et al. v. SIGMOND ROTHSCHILD CO., Inc., et al. (No. 8594.)

(Court of Civil Appeals of Texas. Dallas. Nov. 19, 1921. Rehearing Denied Dec. 24, 1921.)

1. Pleading ⚖111—Allegations of plaintiff not evidence establishing venue.

On hearing of a plea of privilege, the allegations of a petition cannot be considered as evidence in behalf of plaintiff to establish existence of an exception to exclusive venue in county of defendant's residence.

2. Pleading ⚖111—Burden on plaintiff to establish exception to plea of privilege not satisfied by controverting affidavit and petition.

In an action against several defendants begun in D. county, and a plea of privilege by two defendants residing in E. county, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1830, 2308, controverting the existence of any fact showing exceptions to the exclusive venue of E. county, the burden of proving the exception was on plaintiff, his controverting affidavit not being any evidence of any fact, and the petition being effective only to ascertain and identify defendants and the basis of plaintiff's action.

3. Venue ⚖22(1)—Petition held to state action against all defendants, and plea of privilege denied on showing one defendant resided in county of suit.

In an action against several defendants for wrongfully converting a car of produce, where only one of such defendants was a resident of the county of suit, petition held to state a cause of action against all defendants, and the plea of privilege under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, was properly denied.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Sigmond Rothschild Company, Incorporated, and another against the Waxahachie National Bank and others. From an order overruling pleas of privilege, defendant named and S. C. Watson appeal. Affirmed.

C. M. Supple and R. L. Sullivan, both of Waxahachie, for appellants.

C. B. Callaway and L. R. Callaway, both of Dallas, for appellees.

VAUGHAN, J. On the 14th day of September, 1920, appellee, Sigmond Rothschild Co., Inc., as plaintiff, filed its petition in the District Court, Forty-Fourth judicial district, Dallas county, against C. J. Thomas, the Houston & Texas Central Railroad Company, S. C. Watson, and the Waxahachie National Bank of Waxahachie, Tex., as defendants, alleging:

"That the first two named defendants reside in Dallas county, Tex., and that the last two named defendants reside in Ellis county, Tex., said petition, among other things, alleging that on the 9th day of August, 1920, the plaintiff was, and now is, engaged in the business of buying and selling grain in the city of Dallas, Tex.; that the defendant C. J. Thomas was on said date engaged in the business of buying and selling grain, etc., under the trade-name of Thomas Grain Mill & Elevator Company; and that on said date said defendant Thomas, in due course of business, etc., bargained, sold, and delivered to plaintiff the following described personal property, to wit: 100 sacks of maize; 400 sacks of flour; 100 sacks of corn meal— said property being of the value of $1,860.90, and being then in the actual possession of said defendant, Houston & Texas Central Railroad Company, and in one of its cars situated on its railway track at either the city of Waxahachie or at some intervening point between the city of Waxahachie and the city of Dallas, and had been delivered over to the said railroad company for transportation and delivery, and was en route to said Thomas Grain Mill & Elevator

Company, at Dallas, Tex.; that said mixed car of mill products was, at the time and place aforesaid, of the fair and reasonable market value of $1,860.90; that on heretofore, to wit, the 21st day of August, 1920, the said defendants, the Waxahachie National Bank, of Waxahachie, Tex., and S. C. Watson, still acting, conspiring, and colluding together for the purpose and with the intent to defraud this plaintiff, and to deprive it of the value of its said property, illegally, wrongfully, unjustly, and fraudulently procured and caused said property to be sold under some kind of an order of sale issued out of said district court of Ellis county, Tex., and fraudulently procured and caused an illegal sale to be held and had under said order, and the said defendant, S. C. Watson, pretended to bid in and buy said property at said purported and illegal sale, whereby said property was delivered over to him and into his possession, and said defendants, and each and all of them. thereby wrongfully, illegally, unjustly, and fraudulently converted said property to their own use and benefit, to the use and benefit of each and all of them, and deprived this plaintiff of the value of same to the great damage of this plaintiff in the sum of $2,500.

"That under the facts and circumstances of this case, as hereinbefore alleged, it was the legal duty of the said defendants, C. J. Thomas, and the Houston & Texas Central Railroad Company, and each of them, to actually deliver over to the possession of this plaintiff free of all liens, incumbrances, and claims of every kind and character, the said property which they and each of them have failed and refused, though often requested, to do, but to the contrary have wrongfully, unjustly, and illegally permitted the said defendants, S. C. Watson, and the Waxahachie National Bank, of Waxahachie, Tex., to seize and take possession of said property, and to convert the same to their own use and benefit, and to deprive this plaintiff of the value thereof to the great damage of this plaintiff, as hereinbefore alleged; and that, although plaintiff had purchased and paid for said property and was entitled to the possession thereto and the value thereof, Thomas well knew that he had sold said property to plaintiff and had received full payment therefor, and that the title thereof had passed to plaintiff; and although said defendant well knew that plaintiff was entitled to have said property, and was the lawful owner of same, he, said defendant, nevertheless wholly failed, neglected, and refused to deliver the possession of said property to plaintiff or to in any manner assist plaintiff in securing the possession thereof, but to the contrary acquiesced in, abetted, and encouraged said defendants, the Waxahachie National Bank, of Waxahachie, Tex., and S. C. Watson in the wrongful and fraudulent taking and conversion of said property, and said defendant Thomas is therefore jointly and severally liable, with the other defendants herein, to plaintiff for the damages by it sustained."

The defendant railroad company filed answer October 4, 1920, consisting of general demurrer, general denial, and plea of contributory negligence. No answer was filed by the defendant C. J. Thomas. The Waxahachie National Bank, of Waxahachie, Tex., and S. C. Watson filed their sworn pleas of privilege to be sued in Ellis county, the county of their residence. In both pleas of privilege it was alleged:

"That none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in this cause; that this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained in the county of Dallas, state of Texas, or elsewhere outside of the county of Ellis, state of Texas."

Plaintiff filed a controverting affidavit to each of said pleas of privilege, setting up substantially in each of said controverting affidavits:

"That, as shown by its petition on file in this cause, said plaintiff brought this suit against the several defendants, namely, C. J. Thomas, who resides in Dallas county, Tex., the Houston & Texas Central Railroad Company, a railway corporation having an office, local agent, and operating its line of railway in and through Dallas county, Tex., S. C. Watson, who resides in Ellis county, Tex., and the Waxahachie National Bank, of Waxahachie, Tex., a banking corporation having its office and place of business in Ellis county, Tex.; that therefore two of said defendants when this suit was filed resided, and do now reside, in Dallas county, Tex., and two of said defendants then resided, and do now reside, in Ellis county, Tex., and that this is a case where the several defendants reside in different counties, and that, under the fourth subdivision of article 1830 of Vernon's Sayles' Revised Civil Statutes of Texas, and as therein expressly provided, this suit was properly brought in Dallas county, Tex., and the venue thereof was and is in said county."

On the issue of venue thus presented by said pleas of privilege and controverting affidavits, evidence was introduced establishing the following facts: That the Houston & Texas Central Railroad Company has and maintains an office in the city of Dallas, Dallas county, Tex., with proper local agents in charge, and has maintained such office continuously for 30 years or more before the filing of this suit, is a common carrier, and has a line of railroad running through Ellis county, Tex., and has an agent and local representative in the town of Waxahachie, Ellis county, Tex.; that C. J. Thomas is a citizen of Dallas county, and was at the time said suit was filed; that S. C. Watson is a citizen of Ellis county, and was at the time of the filing of petition in this suit; that the Waxahachie National Bank, of Waxahachie, Tex., is domiciled in Ellis county, Tex., and was prior to the time said suit was filed, and had its place of business there; and its officers and agents also lived there, and were living in said county of Ellis at the time said petition was filed.

Appellant S. C. Watson testified as follows:

"On the 9th day of August, 1920, when the defendant Waxahachie National Bank, of Waxa-

hachie, Tex., caused a writ of attachment to be levied upon a car of produce involved in this suit, at that time said car was in the town of Waxahachie, in Ellis county, Tex.; I know that is the same car involved in this suit. After the sheriff levied on said car of produce, he took the produce out of the car and put it in a house there in Waxahachie.

"As to whether I and the Waxahachie National Bank acted together or under a common understanding and agreement in taking this produce by a writ of attachment, I will say that I knew of it—can't say as to whether I acquiesced in it. I knew of it. The sheriff of Ellis county had the car placed where it was, and ordered it unloaded, and we unloaded it. The goods are now sold; I sold them. The writ of attachment was sued out at the instance of the Waxahachie National Bank, placed in the hands of the sheriff, who levied on this property, had it taken out of the car on the defendant Houston & Texas Central Railroad Company's track, and the stuff put in a storehouse; and I had indorsed some notes of Mr. Thomas, the defendant, to the Waxahachie National Bank, and I sold this produce and satisfied the bank on these notes. I am one of the defendants in this case."

A writ of attachment was issued on the 9th day of August, A. D. 1920, in a suit instituted by appellant, Waxahachie National Bank, of Waxahachie, Tex., against appellee C. J. Thomas in the district court of Ellis county, Tex., directed to the sheriff or any constable of Ellis county, to satisfy a demand of said bank against said Thomas in the sum of $16,295.33; that said writ of attachment was by the sheriff of Ellis county executed in said county on the 9th day of August, 1920, by levying upon and taking into his possession as the property of the appellee, C. J. Thomas, the car of mill products described in petition of appellee Sigmond Rothschild Co., Inc.; that said property was sold on the 21st day of August, 1920, under order issued out of the district court of Ellis county, Tex., in cause No. 10280, Waxahachie National Bank v. C. J. Thomas et al., pending in the district court of Ellis county, Tex., appellee S. C. Watson being the purchaser at said sale, bidding the sum of $1,429.50.

Other evidence was introduced, but, not bearing upon the issue of venue as raised by pleas of privilege and controverting affidavits, same will not be referred to. From the judgment overruling said pleas of privilege, appeal was prosecuted by S. C. Watson and the Waxahachie National Bank, and the case is before us on the following assignments of error:

"First assignment of error: The court erred in overruling the pleas of privilege because the testimony failed to show that the codefendants, alleged to reside in Dallas county, were necessary or proper parties to this suit. No evidence was offered upon the hearing of the pleas, except the petition of the plaintiff, to show that defendant C. J. Thomas, who resided in Dallas county, was a necessary or proper party; and the testimony showed without contradiction that the Houston & Texas Central Railroad Company, defendant, was a common carrier, and had the car of produce alleged to have been converted, for transportation, and that in Ellis county the sheriff by legal process took said car of produce from said railroad, whereby it was absolved from all liability for failure to deliver same to plaintiff, and was not a proper or necessary party defendant.

"Second assignment of error: It being unquestioned that the Waxahachie National Bank and S. C. Watson resided in Ellis county, and that the alleged conversion occurred in Ellis county, Tex., where the sheriff of Ellis county by virtue of legal process took from the Houston & Texas Central Railroad Company, the car of produce in issue, and the plaintiff having failed to prove facts showing that the defendants C. J. Thomas and said railway were either necessary or proper parties to this suit, the court erred in overruling the pleas of privilege."

[1] Appellee, Sigmond Rothschild Company, Inc., introduced and read in evidence its original petition. However, the allegations therein contained cannot be considered as evidence for any purpose in behalf of said appellee in discharging the burden of proof resting on said appellee to establish the existence of the exception to exclusive venue in the county of appellants' residence. Such a rule governing the production of testimony would be to substitute self-serving declarations for the production of evidence from original source to establish a controverted issue.

In support of the above, we deem it is only necessary to cite without comment the following authorities: Ray et al. v. W. W. Kimball Co., 207 S. W. 351; Wheeler v. Styles, 28 Tex. 246; Hynes v. Packard, 92 Tex. 50, 45 S. W. 562; Silliman et al. v. Gano, 90 Tex. 646, 39 S. W. 559, 40 S. W. 391; Bauman v. Chambers, 91 Tex. 111, 41 S. W. 471.

[2] The pleas of privilege controverted the existence of any fact necessary to show that any of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes existed in this cause, and the burden of proving the existence of such exception rested on said appellee; the controverting affidavits filed not being evidence of any fact, but simply authorizing said appellee to introduce evidence in support of the ground upon which said pleas of privilege were controverted.

The petition so introduced in evidence could only be looked to for the purpose of ascertaining and identifying the parties defendant, and the basis of plaintiff's cause of action as therein alleged against such defendants, but not for the purpose of establishing the existence of such cause of action or any other fact necessary to prove the ground of venue as alleged in such controverting affidavits.

[3] Appellee Sigmond Rothschild Company controverted the pleas of privilege filed by appellants on subdivision 4 of article 1830, to wit:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides"

—which only required said appellee, in order to show that jurisdiction was properly laid in Dallas county, to introduce evidence showing that at least one of the defendants resided in Dallas county and that the petition on its face alleged a cause of action against all of the defendants. We have carefully considered the petition as if a general demurrer had been addressed to same, and reached the conclusion that on its face a cause of action is alleged against all the defendants, and therefore, must hold that the court did not err in overruling the pleas of privilege. Wichita Falls Compress Co. v. W. L. Moody & Co., 154 S. W. 1032; Sawyer v. J. F. Wieser & Co., 37 Tex. Civ. App. 291, 84 S. W. 1101; Fairchild v. Wilson, 168 S. W. 409; Kempner v. Vaughn et al., 174 S. W. 695; Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; Sawyer v. First National Bank, 41 Tex. Civ. App. 486, 93 S. W. 151. In the last case it was held that a suit by a beneficiary of a deed of trust against a trustee and certain nonresidents, alleged to have participated in the trustee's fraud, was properly brought against all in the county of the trustee's residence. This conclusion necessarily results in the overruling of appellants' assignments of error and the affirmance of the judgment overruling pleas of privilege.

Affirmed.