## WILSON et al. v. GASS.  (No. 9059.)

(Court of Civil Appeals of Texas. Dallas.
March 8, 1924.  Rehearing De-
nied April 5, 1924.)

**1. Pleading  ⊕=111—Affidavit controverting
plea of privilege held sufficient to warrant
admission of evidence of joint cause of ac-
tion.**

In a suit to reform or cancel an oil lease
in which one defendant claimed, under Rev.
St. art. 1830, privilege to be sued in another
county in which he resided, plaintiff's plea in
his controverting affidavit, simply alleging that
two of the defendants resided in the county of
suit, though merely in the language of the
statute, *held* sufficient, in the absence of a
special exception thereto, to warrant recep-
tion of evidence to show a joint cause of ac-
tion against all the defendants, thereby bring-
ing the action within the exception named in
subdivision 4 of the above article.  ·  ᵢ

**2. Venue  ⊕=22(1)—Where joint cause of ac-
tion asserted against resident and nonresident
of county defendants, plea of privilege by
latter held properly overruled.**

Where two of three defendants in suit to
reform an oil and gas lease resided in the
county where it was instituted and the cause
of action was joint as against all defendants,
a plea of privilege by the other defendant on
the ground of residence in another county was
properly overruled, under Rev. St. art. 1830,
subd. 4.

Appeal from District Court, Dallas Coun-
ty; Louis Wilson, Judge.

Action by H. C. Gass against L. F. Wilson
and others.  From an order overruling his
plea of privilege, defendant named appeals.
Affirmed.

Geo. E. Miller, of Fort Worth, for appel-
lant.

R. L. Stennis, of Dallas, for appellee.

JONES, C. J.  This suit was instituted
in the district court in Dallas county, Tex.,
by appellee H. C. Gass against Campbell
Wood and G. A. Devein, and appellant, L.
F. Wilson.  It was alleged in the petition
that appellee resided in Dallas county, Tex.;
that Wood and Devein each resided in Dal-
las county, Tex.; and that appellant resided
in Kansas City, Mo.  It was further alleged
that appellee had purchased from the parties
made defendants in the lower court an oil
and gas lease on 120 acres of land in Archer
county, Tex., for which he had paid the
sum of $4,800; that appellee was not pres-
ent at the consummation of the transaction,
but had been notified by the parties from
whom the lease was purchased that the
lease was prepared and executed in due
form.  Appellee also discovered that by mu-
tual mistake of all the parties the name of
A. G. Wood was written in said lease in-

stead of the name of appellee, which was the
agreement and intention of all the parties.
The suit was for a reforming of the lease
or, in the alternative, a decree for the can-
cellation of the lease to A. G. Wood and the
issuance of a lease on the land to appellee.

Appellant, Wilson, seasonably filed his plea
of privilege, alleging his residence in Wich-
ita county and his right to be sued in said
county.  Omitting the formal part and the
verification of the plea, which was in proper
form, this plea of privilege is as follows:

"This defendant, L. F. Wilson was not at
the time of the institution of this suit, nor at
the time of a service of process therein, nor
at the time of filing this plea, a resident of
Dallas county, Tex., in which this suit was
instituted, and he was at the time of the insti-
tution of this suit, and at the time of the fil-
ing of this suit, and is now, a resident of Wich-
ita county, Tex., and none of the exceptions to
the exclusive venue in the county of one's
residence mentioned in article 1830 or article
2308, of the Revised Statutes exist in this
cause, and all these things the said defend-
ant, L. F. Wilson, is ready to verify."

Appellee duly filed his controverting affi-
davit, which is as follows:  ᵢ

"Now comes the plaintiff, H. C. Gass, and
controverts the plea of privilege heretofore
filed herein by L. F. Wilson, and plaintiff shows
to the court that it is not true that the said
L. F. Wilson was residing in Wichita county,
state of Texas, or at any other point in the
state of Texas at the time of the filing of
plaintiff's suit herein, nor at the time of the
filing of said plea of privilege, but in truth
and in fact the said L. F. Wilson was at all
of said times and now is residing in Kansas
City, in the state of Missouri, and the other
defendants then resided in Dallas county, Tex."

After a hearing on the merits of this
plea, the court entered an order overruling
same, to which appellant excepted and has
duly perfected his appeal and presented the
question to this court for review.

There are a great many assignments of
error, but, in our view of the case, there is
only one question to be determined, and that
is whether or not venue was properly laid
in Dallas county, Tex., by reason of the
residence of the other two defendants being
in said county when the suit was filed.  As
will be noted, both the plea of privilege and
the controverting affidavit are formal and
as general as such pleas can be prepared.
Appellant is specific in the denial that he is
a resident of Dallas county, Tex., and as to
his allegation that he is a resident of Wich-
ita county, Tex.; but in reference to all
other exceptions to article 1830 of the Re-
vised Statutes the allegation is in general
terms.

The controverting affidavit is likewise as
formal and in as general terms as could
well be framed, though specifically denying

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the allegation of the plea of privilege as to appellant's being a resident of Wichita county, Tex., and in reasserting that he is a resident of Kansas City, Mo. There is in this plea an allegation that the other defendants at the time of the filing of the suit resided in Dallas county, Tex.

The allegations in the petition place venue in Dallas county on two valid grounds: The first, that appellant is a nonresident of the state, and therefore can be sued in Dallas county, the county of appellee's residence. Second, that a joint cause of action exists in his favor against appellant and his codefendants, and all parties can be sued in Dallas county where appellant's codefendants reside. The attention of the court was specifically directed by the plea of privilege only to the first of these two grounds of venue.

Subdivision 4 of article 1830 of the Revised Statutes of Texas, in so far as it applies to this case, is as follows:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides. * * *"

The courts have held, where this exception is relied upon for the asserted right to sue a defendant outside of the county in which he resides, that the cause of action alleged against the defendant not residing in the county in which the suit is instituted must be a joint cause of action against the defendant, or defendants, who do reside in the county in which such suit is instituted.

The petition shows a joint cause of action against the appellant and his two codefendants. The proof heard in the court below upon the trial of this plea was sufficient to show a joint cause of action. Appellant contends, however, that because the controverting affidavit did not make the petition a part of such plea, and because it was not alleged in the controverting affidavit that a joint cause of action did exist against appellant and either or both of his codefendants, such issue was not before the trial court for determination and is not before this court. We cannot agree to this contention. The statute above quoted says, in effect, that where there are two or more defendants residing in different counties, it is proper to lay the venue of the case in the county in which any of the defendants reside.

[1] As against a special exception a plea merely in the language of the statute might not be good, but, in the absence of such special exception, we think the plea of appellee in his controverting affidavit alleging that two of the defendants resided in Dallas county is sufficient and will warrant the reception of all evidence by a trial court necessary to establish venue under this exception. One of these necessary elements was to show that the cause of action alleged against the defendants residing in Dallas county and against appellant as their codefendant was a joint cause of action.

[2] As the evidence is undisputed that appellant's codefendants resided in Dallas county at the time the suit was instituted, and as the evidence is sufficient to show that there was a joint cause of action alleged against appellant and his codefendants, there was no error committed by the trial court in overruling the plea of privilege.

It therefore follows that all those assignments of error in reference to the admission of evidence tending to show that the cause of action alleged against the three defendants was a joint cause of action are not well taken and are overrruled. The other assignments of error have been examined, with the result that we consider them either harmless or not well taken.

The case is therefore affirmed.