## MEADOWS & CO., Inc., v. TURNER.
### (No. 9343.)

(Court of Civil Appeals of Texas. Dallas.
March 7, 1925. Rehearing Denied
April 4, 1925.)

**1. Appeal and error ⬅═713(3)—Trial court's action on demurrer not reviewable in absence of showing of ruling of court, though ruling appears in bill of exception.**

Assignments relating to action of trial court in overruling defendant's general and special exceptions to controverting affidavit filed by plaintiff will not be considered, where record fails to show any action of court thereon, except that it appears by bill of exceptions that court overruled general demurrer.

**2. Pleading ⬅═111—Plaintiff's petition not considered as evidence in support of controverting plea.**

Where defendant files a plea of privilege under Rev. St. art. 1903, and plaintiff a controverting plea, allegations of plaintiff's petition, even though made part of controverting plea by appropriate reference, cannot be considered as evidence tending to establish existence of any fact relied on to confer venue of suit on court below.

**3. Pleading ⬅═111—Burden of proof on plaintiff to prove existence of facts conferring venue of suit on court where pending.**

Since the amendments to the venue statutes, where defendant files a plea of privilege, plaintiff can no longer rely on allegations of his petition as prima facie proof of his right to maintain suit where brought, but he must contest plea under oath, and therein allege the specific facts relied on to confer venue of suit on court where it is pending, and has also the burden of proving existence of same.

**4. Pleading ⬅═111—Plaintiff's petition, not being available to support controverting plea, should be stricken.**

Since plaintiff's original petition cannot be considered as evidence in support of controverting plea, such petition should not be admitted, and where admitted should have been stricken out on motion.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Action by J. E. Turner against Meadows & Co., Incorporated, and others, in which certain defendants filed a plea of privilege. From a judgment overruling such plea, defendant named appeals. Reversed and remanded.

Capps, Canty, Hanger & Short, of Fort Worth, and Witt, Terrell & Witt, of Waco, for appellant.

Rasbury, Adams & Harrell, of Dallas, for appellee.

LOONEY, J. This appeal is from an order overruling a plea of privilege. J. E. Turner, appellee, sued C. R. Myers, a resident of Johnson county, Tex., on a promissory note payable in Bosque county, also the appellant herein, Meadows & Co., Inc., domiciled in McLennan county, Tex., the Greiner-Kelly Drug Co., Inc., the J. W. Crowdus Drug Co., Inc., both domiciled in Dallas county, Tex., and other defendants residing in Tarrant, Johnson, and McLennan counties.

Appellant, as well as all out-of-the-county defendants, except Myers, filed pleas of privilege, which, by agreement of the parties, are to abide the decision of the court in this case. Appellant's plea of privilege, in form and substance, was in compliance with the provisions of article 1903, Revised Statutes. It is not necessary to make any statement of the pleadings, other than to say that appellee sought to hold appellant and the defendants, other than Myers, liable for the payment of the Myers' note, on the idea that they, and each of them, had assumed its payment or had become liable for its payment by reason of the facts alleged in his petition.

To the plea of privilege filed by appellant, appellee interposed the following controverting affidavit:

"To the Honorable Judge of Said Court: Comes the plaintiff, J. E. Turner, by and through one of his attorneys, W. B. Harrell, and makes this, his affidavit and contest to the plea of privilege filed in this cause by Meadows & Co., Inc., and for said controverting affidavit and contest would show that this suit comes within article 1830, subdivision 4 of the Revised Civil Statutes of Texas: 'Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants reside.' And said plaintiff would show that there are two or more defendants in this cause, and that the defendants, Crowdus Drug Company and Greiner-Kelly Drug Company, are both defendants in this cause and are each corporations under the laws of the state of Texas, and each have their principal place of business in Dallas County, Texas, and the venue of this cause should be sustained. Wherefore plaintiff prays that the plea of privilege herein be overruled and denied."

[1] Appellant assigns as error the action of the trial court in overruling its general and special exceptions to the controverting affidavit filed by appellee. We cannot consider these assignments, for the reason that the record fails to show any action of the court thereon, except it appears by a bill of exception that the court overruled the general demurrer.

The courts of this state have repeatedly held that the action of the trial court on demurrers will not be reviewed on appeal in the absence of a judgment entry showing the ruling of the court, although the ruling is made to appear in a bill of exception. Rule 53 for District and County Courts; Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469; St. L. & S. F. Ry. Co. v. Cartwright (Tex. Civ.

App.) 151 S. W. 630; Bishop v. Mount (Tex. Civ. App.) 152 S. W. 442.

In several propositions appellant makes the further contention that the order of the court overruling its plea of privilege was without evidence to support it, in that there was an entire absence of evidence showing that appellee had a cause of action against either the appellant or the defendants residing in Dallas county, and that neither the appellant, nor either of the defendants residing in Dallas county, was shown by the evidence to be a necessary or proper party to the suit against Myers on the note.

[2] It will be observed that the only evidence offered by appellee on the trial of the contest, tending in any way to show the existence of a joint cause of action against appellant and the defendants residing in Dallas county, was the evidence afforded by the allegations of his original petition. In our opinion, plaintiff's petition cannot be used as evidence to support the contention that he has a joint cause of action against these defendants. If the allegations of the plaintiff's petition had been made a part of the controverting plea by appropriate reference, they would thereby have become a part of the contesting plea, and could be looked to as a basis for the admission of evidence, but could not be considered evidence to establish the existence of any fact relied on to confer venue of the suit on the court below.

To hold otherwise would result in depriving a defendant of the valuable right to be sued in the county of his residence on the unproven allegations of the plaintiff's petition, or of casting on him the burden of showing that the cause did not belong to any of the exceptions to exclusive venue in the county of his residence. To illustrate, a plaintiff by proper allegations brings his case clearly within one of the exceptions to exclusive venue, a plea of privilege is urged by defendant, which is contested by plaintiff, and, on the trial of the contest, plaintiff makes out a prima facie case by introducing in evidence the self-serving unproven allegations of his petition. If the contest ends at this point, plaintiff would succeed, the plea of privilege would be overruled. In order to meet the prima facie case thus made, the burden of proof necessarily shifts to defendant to show that the case does not fall within any of the exceptions to the statute. It is thus seen that the net result of the rule contended for by appellee is either to defeat appellant's plea of privilege on the unproven allegations of appellee's petition, or of casting on it the burden of proof to sustain its plea of privilege. In our opinion, this is not the law.

[3] The acts of the Legislature show that our lawmakers have been zealous in efforts to protect the right of a defendant to be sued in the county of his residence. This right is clearly conferred, and the courts should, in harmony with the spirit of this

legislation, give to the statutes a liberal construction to the end that this valuable right may be fully enjoyed. Prior to the enactment of recent amendments to the venue statute, a plea of privilege simply raised an issue of fact authorizing the introduction of evidence, but did not constitute proof of any fact. The burden of proof was on the party urging the plea to establish his right to a change of venue by proving that the case was not within one of the exceptions to exclusive venue. The amendments referred to worked a radical change in the law. Now a plea of privilege in statutory form, unless contested, establishes absolutely the right to have the venue changed. The plaintiff can no longer rely on the allegations of his petition as prima facie proof of his right to maintain the suit where brought, but it is incumbent on him to contest the plea under oath and therein allege the specific fact, or facts, relied on to confer venue of the suit on the court where it is pending, and not only is he required to allege the specific fact, or facts, but the burden is on him to prove, at least prima facie, the existence of same.

The cases construing the venue statute as amended are uniform in support of the doctrine just announced. Ray v. Kimball Co. (Tex. Civ. App.) 207 S. W. 353; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; Brooks v. Wichita, etc., Co. (Tex. Civ. App.) 211 S. W. 288; First Nat. Bank v. Gates (Tex. Civ. App.) 213 S. W. 720; Hayes v. Penney (Tex. Civ. App.) 215 S. W. 571; Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Bennett v. Rose Mfg. Co. (Tex. Civ. App.) 226 S. W. 143; Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; First Nat. Bank v. Bulls (Tex. Civ. App.) 243 S. W. 577; Richardson v. Cage Co., 113 Tex. 152, 252 S. W. 747; Littlefield State Bank v Moore (Tex. Civ. App.) 257 S. W. 1007.

Appellee contends that all he was required to do, in support of his contest, was to introduce his original petition, which alleged a joint cause of action against all of the defendants, and to prove that some of them resided in Dallas county where the suit was brought. In support of this contention, appellee relies largely on the decision of this court in Waxahachie National Bank v. Sigmund Rothchild Co., 235 S. W. 633. A careful reading of that case will show that plaintiff's petition was by reference incorporated into and became a part of the controverting plea, and that evidence aliunde was introduced on the issue of venue raised by the pleadings. In that case the court, in harmony with the views expressed in this opinion, and contrary to the contention of appellee, said:

"The petition so introduced in evidence could only be looked to for the purpose of ascertaining and identifying the parties defendants, and the basis of plaintiff's cause of action as therein alleged against such defendants, but not for the purpose of establishing the existence of such

cause of action, or any other fact necessary to prove the ground of venue as alleged in such controverting affidavits."

The opinion of the court having thus explicitly announced the rule that the allegations of plaintiff's petition could not be considered evidence, nor looked to for the purpose of establishing the existence of any fact necessary to prove venue, should not be understood as countenancing the contrary doctrine. In our opinion, the judgment overruling appellant's plea of privilege is not supported by evidence. We therefore sustain the assignments challenging the correctness of the action of the court in this respect.

As the case will be reversed and remanded, we will briefly notice the other assignments.

[4] Appellant complains of the refusal of the court below to strike from the record plaintiff's original petition admitted in evidence. It follows from what has just been said that plaintiff's petition cannot be considered evidence; hence it should not have been admitted, and, on motion, should have been stricken out.

The court was also in error in refusing to permit appellant to introduce evidence as complained of in assignments Nos. 18, 19, 25, and 26. This evidence was in response to issues raised in the pleadings, tended to disprove the existence of any fact, or facts, showing venue of the suit in the court below, and should, in our opinion, have been admitted.

Reversed and remanded.