## WICHITA COUNTY WATER IMPROVE-MENT DIST. NO. I v. W. E. CALLAHAN CONST. CO. et al.    (No. 9365.)

(Court of Civil Appeals of Texas. Dallas. April 18, 1925.)

**1. Appeal and error ⬗⚬926(5)—Pleadings and affidavits assumed admitted only for purpose of identifying defendants and basis of cause of action against each.**

In absence of agreement to contrary, appellate court must assume that pleadings, including pleas of privilege and controverting affidavits presented as evidence on hearing on pleas of privilege, were admitted only for purpose of identifying parties defendant and basis of cause of action, and not to establish existence of cause or facts necessary to prove ground of venue alleged.

**2. Venue ⬗⚬22(3)—Allegations of supplemental petition for judgment over against nonresident held not to show joint liability with resident defendants.**

Allegations of supplemental petition, in contractor's interpleader suit against subcontractor and claimants of amounts owing latter by contractor, that, if subcontractor was entitled to recover against contractor on cross-action, contractor was entitled to judgment against improvement district, which let main contract, *held* not to show joint liability of resident defendants and improvement district, within Rev. St. art. 1830, exception 4.

**3. Venue ⬗⚬22(3)—Nonresident improvement district held not necessary party to contractor's interpleader suit against surety on subcontractor's bond.**

That improvement district letting contract was co-obligee in subcontractor's bond *held* not to make it necessary party to contractor's interpleader suit against subcontractor, surety· on bond, and claimants· of amount due from contractor, so as to defeat its plea of privilege under any of exceptions to Rev. St. art. 1830, or Vernon's Sayles' Ann. Civ. St. 1914, art. 2308.

**4. Venue ⬗⚬22(3)—Cross-action in contractor's interpleader suit held not maintainable in county other than that of cross-defendant's residence.**

Cross-action against improvement district letting construction contract *held* not so connected with contractor's interpleader suit against subcontractor and claimants of amount owing latter, or cross-actions by subcontractor against contractor for additional labor and materials not called for by contract, as to deprive district of right to be sued in county of its residence.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Interpleader by the W. E. Callahan Construction Company against the B. F. & C. M. Davis Company and others, in which the Wichita County Water Improvement District No. 1 was made party defendant. From a judgment overruling the district's pleas of privilege, it appeals. Reversed and remanded, with instructions.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellant.

Beall, Wortham, Rollins, Burford & Ryburn, of Dallas, for appellees.

VAUGHAN, J. W. E. Callahan Construction Company, one of the appellees, as plaintiff, filed its original petition in the trial court December 16, 1923, against B. F. & C. M. Davis Company, a corporation, Southern Surety Company, a corporation, and about 20 other named individuals, firms and corporations, as defendants. The parties to the suit interested in and before the court on this appeal are, Wichita County Water Improvement District No. 1, as appellant, W. E. Callahan Construction Company and the Southern Surety Company, as appellees. For convenience, the appellees will be referred to as follows: W. E. Callahan Construction Company as appellee Callahan Company, Southern Surety Company as appellee Surety Company, and B. F. & C. M. Davis Company as Davis Company.

Appellee Callahan Company alleged that it is a foreign corporation with a permit to do business in Texas, and having its principal place of business in said state in the city of Dallas, Dallas county; that Davis Company and appellee Surety Company maintain offices and local agents in said county, and that four of the other corporations named as defendants, to wit, Texas Portland Cement Company, Maryland Casualty Company, Gulf Refining Company and Butler Bros., had offices and agents in said county. The residence of the other parties named as defendants is alleged to be in Wichita county, except one, which is in Bexar county, Tex.

Appellee Callahan Company, in its original petition, in effect alleges, that on November 29, 1921, it entered into a written contract with appellant (not then made a party defendant) to perform certain construction work for it, the terms of which contract are not stated, not being material on this appeal; and, to secure the performance of which, said appellee, as principal, and appellee Surety Company, as surety, executed to said appellant a bond in the sum of $500,000 conditioned for the full and faithful performance of said contract, which was to be fully performed in Wichita county, the place of residence of appellant; that on December 3, 1921, appellee Callahan Company sublet a part of the work it had agreed to do for appellant to defendant Davis Company, who agreed to perform the same according to the same plans and specifications set forth in appellee Callahan Company's contract with appellant; and that to secure the performance of said subcontract, said Davis Company, as principal, and appellee Surety Company, as surety, executed to appellee Callahan Company and ap-

⬗⚬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellant a joint and several bond in the sum of $175,000.

The suit as originally filed by appellee Callahan Company was an interpleader suit, for the purpose of preventing a multiplicity of suits and of protecting it against having to pay out more to the several claimants than it should pay on account of the $30,000 admitted by said appellee to be in its possession due and owing to Davis Company, and to save it the expense of defending an unreasonable number of law suits. It is further alleged that said appellee had entered into a contract with appellant for the construction of specified improvements necessary to carry out the purpose of the organization of appellant as an irrigation improvement district; that appellant required that all contracts with subcontractors be submitted to it for approval, and that all bonds of subcontractors be payable to it as well as to appellee Callahan Company; that Davis Company defaulted in the performance of its contract and a great number of suits were filed by creditors of Davis Company. In addition to the Davis Company and the Surety Company, all known creditors of the Davis Company were made parties defendant. Appellee Callahan Company tendered into court $30,000, the amount admitted by it as being due to Davis Company, and asked that all parties be enjoined from prosecuting suits in any other court, and that it be released from further liability.

Appellee Callahan Company, in its first amended original petition, repeated the principal allegations contained in its original petition, and, in addition thereto, alleged that the Davis Company incurred large obligations in the attempted performance of said subcontract, and defaulted in the performance of same, and appellee Callahan Company undertook to complete the performance of said subcontract under contract made for that purpose with the Davis Company, and that a great number of creditors of the Davis Company had filed suit and were threatening to file suit against appellee Callahan Company, some of whom had issued writs of garnishment, and that appellee Surety Company was asserting claim to the camps, equipment, machinery, etc., of the Davis Company; that as the bond executed by Davis Company is made payable to appellant as well as to appellee Callahan Company, it is necessary that appellant be made a party in order that the rights of all parties should be determined with reference to said bond; and, especially where the defendant Davis Company and appellee Surety Company are obligated to appellee Callahan Company or any or all of the interveners by reason of the execution of the bond, and that before same can be done, it is necessary that appellant be made a party.

Prior to filing said amended petition, Davis Company answered the original petition and, by cross-action against appellee Callahan Company, claimed that, in addition to the $30,000 admitted by it to be due Davis Company, said appellee was indebted to said Davis Company in the further sum of $150,000, which sum it sought to recover, and for which it prayed judgment against said appellee. To this cross-action appellee Callahan Company answered by supplemental petition and, as a part thereof, filed its cross-action against appellant, alleging that said improvement district is located in Wichita county, Tex., the making of the contract of date November 29, 1921, between it and appellant, and the subcontract between appellee Callahan Company and Davis Company of date December 3, 1921, and that Davis Company is the same company which has filed a cross-action in this suit against appellee Callahan Company for $150,000 as compensation for work done by it under changed plans and specifications made by the engineers of appellant, and without admitting liability of appellee Callahan Company on said cross-action by Davis Company, alleged that, if Davis Company is entitled to recover anything against appellee Callahan Company by reason of said cross-action, the same facts alleged by Davis Company and the proof supporting such allegations would entitle said appellee to a like recovery against appellant, and prayed that appellant be made a party to the suit in order that the rights of all the parties may be adjudicated, a multiplicity of suits prevented, and the one trial settle all of the controversies.

In due time, order, and form, appellant filed its plea of privilege in response to the supplemental petition and first-amended original petition filed by appellee Callahan Company and to the cross-action filed by appellee Surety Company, claiming its privilege to be sued in Wichita county, Tex., the county of its residence, as alleged in each of the above pleas, averring, in substance, in addition to formal matters, that it is a body politic under the laws of the state of Texas, incorporated under the laws of said state and composed of territory wholly within said Wichita county, Tex.; said pleas being in all other respects in accordance with the requirements of article 1903, V. T. C. S. 1918, showing its right to be sued in Wichita county, Tex., and prayed that the above cross-action of appellee Surety Company, cross-action and suit of the appellee Callahan Company against appellant be transferred to the district court of Wichita county, Tex.

Appellee Callahan Company filed its controverting affidavits, each, in effect, controverting said pleas on the following grounds, to wit:

"That said plea should not be sustained but overruled, because this is what is known as an interpleader suit."

Then follows allegations embracing in substance the material allegations contained in

the pleadings of said appellee; that appellant, by reason of these facts (the substance of the allegations herein contained of said appellee's pleadings), is not only a proper, but a necessary, party, and "therefore this court has venue of the suit under exception 4 of article 1830, Revised Civil Statutes, because several of the defendants are residents of Dallas county, have their place of business in Dallas, Tex., and are suable in Dallas county, Tex." Said controverting affidavits then name Texas Portland Cement Company, Butler Bros., Trinity Portland Cement Company, all corporations, as being residents of, and having offices in, Dallas county, Tex.

To appellant's plea of privilege filed in the cross-action of appellee Surety Company, said appellee, by proper affidavit, controverted same on the ground that appellant is obligee in the bond of defendant Davis Company, and, in case of claim thereunder, would probably assert the priority of such a claim over all others. The affidavit then sets forth the full substance of the pleadings of both appellee Callahan Company and the Davis Company, the material substance of which is herein set forth, and alleges that by virtue of the foregoing facts appellant is a proper and necessary party to this suit, unless it shall file and authorize release of said bond in so far as appellant is concerned, or a waiver of any claim thereunder.

On the 17th day of March, 1924, said pleas of privilege and the contest thereto were heard, and judgment rendered overruling said pleas. Appellant duly perfected its appeal and now presents said judgment to this court for review and revision on appropriate assignments of error.

Of the several propositions presented by appellant, we deem it advisable to discuss only the following:

Fifth proposition. "Under article 1830, where the plaintiff in a suit impleading several other parties, named and styled defendants, some of whom have their domiciles in the county in which the suit is brought, and venue of another defendant, having its domicile in another county, is claimed under exception No. 4 of said article, it is not sufficient to confer venue over the nonresident defendant, that the cause of action held by those impleaded grew out of the same transaction as the cause or causes of action against the resident defendants, but there must be a joint liability in favor of the plaintiff against the nonresident defendant and one or more of the resident defendants, and the pleadings and evidence in this cause failing to show that there was such joint liability, the trial court should have sustained the several pleas to the venue filed by Improvement District."

Seventh proposition. "It appearing from the pleadings of plaintiff and Surety Company, that they do not, nor does either of them, assert any cause of action against any one of the parties named as defendants in this suit, save and except that plaintiff, in answer to the cross-action of Davis Company against it for $150,000, pleads that in the event of recovery by Davis Company, against plaintiff upon such asserted cause of action, plaintiff will, upon the same facts alleged by Davis Company and the proof supporting such allegations, be entitled to a like recovery over against Improvement District, there is clearly no such joint, or other liability in favor of plaintiff or Surety Company against Improvement District and any one of the defendants residing in Dallas county, as will confer venue of the district court of Dallas county over the person of Improvement District, or deprive it of its right to be sued in the county of its residence as claimed by it in its pleas to the venue herein."

These propositions will be discussed in conjunction as they relate substantially to the same phase of the material question to be determined. The material allegations contained in the pleadings of appellees Callahan Company and Surety Company, the Davis Company and appellant, as above set forth, were established, in so far as same could be, by the introduction of the pleadings of said parties in evidence. As revealed by the record, the pleas were offered and received in evidence without any objection. In addition to the above, we find the following material facts to have been established:

Appellant is an irrigation district under the laws of the state of Texas, embracing within its boundaries 15,543 acres of land in Wichita county, Tex., was incorporated under the provisions of acts of 1913, p. 380, now article 5107, embracing sections 1 to 105, inclusive, V. S. T. C. S. 1914, and under and by virtue of its incorporation, is a governmental agency; that its principal office and place of business is in the city of Wichita Falls, Wichita county, Tex., and has been since its incorporation, to wit, December 29, 1919; that Texas Portland Cement Company, a corporation, Butler Bros., a corporation, and Trinity Portland Cement Company, a corporation, are creditors of Davis Company and have their offices and principal places of business at Dallas in Dallas county, Tex., and that the principal Texas office of Southern Surety Company is in Dallas county, Tex.; that appellee Callahan Company, as principal, and Southern Surety Company, as surety, executed and delivered to appellant a bond in its favor in the penal sum of $500,000, conditioned on the full and faithful performance by appellee Callahan Company of its contract of November 29, 1921, with appellant; that Davis Company, as principal, and appellee Surety Company, as surety, executed and delivered a bond in the penal sum of $175,000 as provided in the contract of date December 3, 1921, by and between appellee Callahan Company and Davis Company, in which bond said appellee and appellant are named as obligees, and which bond was conditioned on the full and faithful performance by Davis Company of its subcontract with said appellee; that the claims of creditors of the Davis Company

had been heard before a master appointed, classified and allowed as against said Davis Company and its surety, appellee Surety Company, on the $175,000 bond; that none of said claims were allowed against the bond of appellee Callahan Company.

In support of the judgment overruling pleas of privilege, appellees contend that, as the Davis Company had incurred large obligations in its attempt to perform the subcontract, in which it defaulted, and appellee Callahan Company undertook to complete the performance, and that a great number of creditors of Davis Company had filed suit and others were threatening to file suit against said appellee, and appellee Surety Company was asserting claim to the camps, equipment, machinery, etc., of the Davis Company, and that as the bond executed by Davis Company was made payable to appellant and appellee Callahan Company, jointly and severally, that it was necessary that appellant be made a party to the suit in order that the rights of the parties should be determined with reference to said bond, and especially where Davis Company and appellee Surety Company were obligated to appellee Callahan, or any or all of the other parties to the suit, by reason of the execution of the bond in the sum of $175,000; that this is an interpleader suit, its main purpose being to avoid a multiplicity of suits, therefore, the very nature of the cause of action is such that necessarily parties would have to be joined who do not live in the county where the suit is pending; that, as the trial court had jurisdiction and venue over appellee Surety Company and the defendants who had their domicile in Dallas county, it therefore could maintain said suit in said court against appellant; that it is not a case in which the question may be raised as to whether the same cause of action exists against the several defendants, but it is a case in its inception where the plaintiff, in the interest of justice and for the purpose of avoiding a multiplicity of suits, is permitted to implead all parties having or claiming any interest in the bonds or fund admitted by appellee Callahan Company to be due Davis Company, in order that it may have adjudged in one suit its entire liability growing out of the facts in controversy; that the Surety Company was liable only by reason of the bond it executed, which was payable to Callahan Company and appellant; that therefore appellant was a proper party to the suit because in same it was proposed to adjudge the liability of the Surety Company on the bond and the right of the creditors, who were made defendants to participate in the recovery on said bond; that no final judgment could be entered against appellee Surety Company on the $175,000 bond without appellant being made a party to the suit.

As to the parties to the suit, who had sued the Davis Company in the various courts of

Wichita county, and had writs of garnishment served on appellee Callahan Company in connection with such suits, and other parties holding claims against the Davis Company, all of whom are interpleaded in this cause, it will be sufficient to say that no one of them made any claim whatever against appellant, and further consideration of them as parties to this suit, so far as this appeal is concerned, need not be given, other than to say that, while it is shown in the statement of facts that the claims of creditors of the Davis Company had been heard before a master and classified and allowed against Davis Company and appellee Surety Company on the $175,000 bond, none of such claims were allowed against appellee Callahan Company, appellant, or the bond of said appellee to appellant.

[1] From the following, as disclosed by the statement of facts, to wit, "All the pleadings of plaintiff B. F. & C. M. Davis Company, Southern Surety Company, and Wichita County Water Improvement District No. 1, including pleas of privilege and controverting affidavits. as shown by the transcript of record on appeal, were presented to the court as evidence," we are not to infer that the allegations and statements contained in said pleas were respectively admitted as evidence for the purpose of establishing for all purposes the allegations of fact therein contained, but are to assume, in the absence of an agreement to the contrary, that said pleas were only admitted in evidence for the purpose for which same were properly admissible under the law on the issues involved, to wit, for the purpose of ascertaining and identifying the parties defendant and the basis of plaintiff's cause of action as therein alleged against such defendants, but not for the purpose of establishing the existence of such cause of action, or any other fact necessary to prove the ground of venue as alleged in the controverting affidavits. Waxahachie National Bank v. Sigmond Rothschild (Tex. Civ. App.) 235 S. W. 633; Meadows & Co. v. Turner, 270 S. W. 899, decided by this court March 7, 1925, opinion by Associate Justice Looney.

[2] The evidence, offered upon the issues made by appellant's pleas of privilege and the controverting affidavits of appellees, fails to support the contention that venue of appellant is conferred by exception 4 to article 1830, Revised Statutes, as same does not disclose the existence of any joint obligation or liability on the part of appellant, and some one or more of the defendants residing in Dallas county to either one or both of the appellees, or such state of facts showing that, on some other ground, appellant is a necessary party to the suit. Appellee Callahan Company does not allege a cause of action against a defendant, a resident of Dallas county, jointly with the cause of action pleaded over by it against appellant, a

resident of Wichita county. Richardson v. Cage Co. et al., 113 Tex. 152, 252 S. W. 747; Waxahachie National Bank v. Sigmond Rothschild Co. (Tex. Civ. App.) 235 S. W. 633; Wilson et al. v. Gass, 260 S. W. 282, in which this court, speaking through Chief Justice Jones, held:

"Where this exception [subdivision 4 of article 1830, supra] is relied upon for the asserted right to sue a defendant outside of the county in which he resides, the cause of action alleged against the defendant not residing in the county in which the suit is instituted must be a joint cause of action against the defendant, or defendants, who do reside in the county in which such suit is instituted."

In its original petition, appellee Callahan Company did not deem it necessary to make appellant a party defendant. However, a new and different issue was injected into the case between Callahan Company and Davis Company on the filing by Davis Company of its cross-action against appellee Callahan Company for $150,000. Prior to the filing of this cross-action, the position of appellee Callahan, with reference to the suit instituted by it, was that of a litigant "wholly disinterested in said controversy," alleging that it is "an innocent stakeholder," and that the only purpose of the suit was to protect its rights and interests as well as all other creditors of Davis Company, and to have it justly and lawfully determined to whom the moneys it was owing Davis Company should be paid, and the conditions under which such payment should be made. This cross-action by Davis Company brought forth the cross-action by appellee Callahan Company against appellant, of which the following material allegations are only necessary to be noticed, to wit: After alleging the execution of the original and sub-contracts, supra, and that Davis Company had filed cross-action against it for $150,000 as compensation for work done by it under changed plans and specifications, made by the engineers of appellant, and without admitting liability on said cross-action, yet, if said Davis Company was entitled to recover anything against Callahan Company thereon, the same facts alleged by it and the proof supporting such allegations would entitle Callahan Company to have like recovery against appellant, and, with respect to the cross-action of Davis Company, said appellee further alleged that while appellee Callahan Company did not admit that Davis Company was entitled to recover anything against it on said cross-action, if it did so recover, that all the matters complained of by Davis Company were done at the special instance and request, and through the requirement of appellant, and, if Davis Company was entitled to recover anything against appellee Callahan Company by reason thereof, it, on the same facts and for the same reasons, would

be entitled to recover like amounts against appellant.

A careful investigation of the pleadings of appellee Callahan Company fails to reveal a positive or definite allegation of any liability on the part of appellant, either to said appellee or any one else connected with the suit. At best, the allegations only show the desire of appellee Callahan Company to have appellant made a party defendant on its pleadings, first for the purpose of protecting its rights and interests, as well as all other creditors of Davis Company, and to have it justly and lawfully determined to whom the money it was owing Davis Company should be paid; and to answer to said appellee's plea for judgment over against appellant for such amount of money as Davis Company might recover on its cross-action against said appellee; and the desire on the part of appellee Surety Company to have appellant made a party for the purpose of fully and finally determining the liability of appellee Surety Company upon the bond of Davis Company to appellee Callahan and appellant.

[3] Appellee Surety Company does not assert any cause of action against appellant, but bases its contention that the venue of the suit as to appellant is properly laid in Dallas county, on the ground that appellant is one of the obligees in the bond of defendant Davis Company upon which it is surety, and without alleging and proving that appellant is making any claim under said bond, or that any party is claiming anything against it by reason thereof. The sole contention of appellee Surety Company in this respect being that appellant should be made a party so that said appellee may have its liability upon said bond to every person, who might at any time assert a claim against it thereunder, fully and finally adjudicated. Said appellee does not allege any fact which, if accepted as proof, would confer jurisdiction upon the trial court over the person of appellant. It must be apparent that no one of the exceptions to article 1830, supra, or article 2308, V. S. T. C. S. 1914, if asserted by said appellee (and no ground was asserted) would overcome appellant's plea of privilege to be sued in the county of its residence under the facts either pleaded or proved by said appellee in this cause.

[4] We will now consider the last ground of appellee Callahan Company's contention. The $150,000 sought to be recovered by Davis Company in its cross-action against Callahan Company is not based on, nor is it claimed to have grown out of, either of the contracts or bonds set forth in the pleadings of appellees, but, as alleged by Davis Company, its cause of action grew out of work done and materials furnished by appellee Callahan Company outside of either of said contracts. Therefore, if Davis Company should be entitled to recover anything on its cross-action, such right would arise perforce of an im-

plied promise on the part of appellee Callahan Company to pay for work done and material furnished outside of the subcontract between appellee Callahan Company and defendant Davis Company. This is clearly illustrated by the following allegation contained in said cross-action, to wit, after setting forth what it was required to do under its subcontract with appellee Callahan Company, Davis Company alleged "that instead of permitting this defendant to do so, and complying with the terms and provisions of said contract, W. E. Callahan Construction Company, its agents and engineers thereunto duly authorized, and the engineers of said improvement district, did abandon their part of the said contract calling for the foregoing structures, and did substitute for such structures other structures radically different and enormously more expensive in character, and that the reasonable value of the work done and the material furnished by this defendant upon said new and substituted structure at the time in the manner and under the conditions herein set out, was and is the sum of $150,000."

It is apparent that the cause of action alleged is wholly independent of the contracts involved, that Davis Company sues appellee Callahan Company and said appellee, to protect itself, seeks to make appellant a party defendant to the end that appellee Callahan may recover over against appellant such amount as Davis Company may recover against appellee Callahan Company. The statement of the situation of the parties, with reference to the different causes of action as alleged, clearly demonstrate that there is no connection between the suit urged by appellee Callahan Company, in the first instance, against the defendants therein named, and the cause of action alleged by appellee Callahan in its cross-action against appellant; and that there is no connection between the cause of action alleged by Davis Company against appellee Callahan Company, and the cause of action alleged by appellee Callahan Company through its cross-action against appellant, and that, in order for either one of said suits to be prosecuted to a final conclusion disposing of all the rights of the parties thereto, it is not necessary that appellant be made a party defendant to the litigation. Furthermore, that the cause of action as alleged by appellee Callahan Company in its cross-action against appellant is separate and distinct, and is but the assertion of a right to sue appellant in a county other than that of its residence on a cause of action by which the allegations exists solely against appellant, and not against any one of the other parties to the suit pending in Dallas county.

To sustain the action of the trial court in overruling appellant's pleas of privilege would be but to deprive it of a valuable right, to wit, to be sued in the county of its residence, secured to it by law, in order to gratify the desire of appellees to have certain issues determined without asserting any character of claim or right to recover in any respect against appellant, or without showing the existence of any other necessity, to wit, that neither the original suit nor the cross-actions filed therein against parties within the jurisdiction of the trial court, could be prosecuted to a final conclusion, so as to dispose of all the rights of such parties without the making of appellant a party defendant thereto. Holloway v. Blum, 60 Tex. 625; G., C. & S. F. Ry. Co. et al. v. Boger (Tex. Civ. App.) 169 S. W. 1093; Pittman & Harrison Co. v. Boatenhamer (Tex. Civ. App.) 210 S. W. 972; Roaring Springs Independent School District v. McAbee (Tex. Civ. App.) 187 S. W. 431.

We therefore conclude that the trial court erred in overruling said pleas of privilege, and that its judgment should be reversed, and the cause remanded with instructions to sustain said pleas, and enter order changing the venue as to appellant to a district court of Wichita county, in so far as the respective cross-actions of appellees against appellant are concerned.

Reversed, and remanded with instructions.