BROOKS v. HERREN.   (No. 8255.)

Court of Civil Appeals of Texas. San Antonio. Oct. 9, 1929.

Hughes & Monroe, of Dallas, for appellant.
Criss & Brown, of Harlingen, for appellee.

SMITH, J. The appeal is from an order overruling appellant's plea of privilege, which was filed and urged in due form and time. To this plea appellee, in due course, presented a controverting affidavit.

Upon the hearing of the matter, no evidence of any character was adduced or considered, and the trial judge determined the issue solely upon the mere allegations in the controverting plea; it being conceded that the plea of privilege was in due form and presented a prima facie case entitling appellant to a change of venue.

It is first contended by appellant that appellee's controverting plea was not sufficient to revive the issue of venue in the face of the prima facie case made by the plea of privilege. We overrule this contention, for, while the controverting plea is loosely drawn, is somewhat general in its terms, and is not as full and specific as good practice might suggest, we conclude nevertheless that this plea substantially meets the requirements of article 2007, Rev. St. 1925, and that the trial court correctly held it to be sufficient for its purposes.

But, even though the controverting plea was sufficient as such, it was by no means conclusive of appellant's privilege; in no event could it be given effect except to join issue with appellant upon the question of venue. And that issue, when so raised by the plea of privilege and the controverting affidavit, must be determined by evidence; the burden being upon the plaintiff to affirmatively establish, by evidence, the facts set up in his controverting plea. Appellee did not attempt to meet this burden, and offered no evidence whatever in support of his controverting plea. In the absence of such evidence, the court had no power to overrule the plea of privilege and reject appellant's general right to be sued in his domicile. Appellant cites the following among many cases upholding this conclusion: Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 559; Russell Grader Mfg. Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124; Allen v. Williams (Tex. Civ. App.) 248 S. W. 1116; De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402; Waxahachie Nat. Bank v. Sigmond Rothschild Co. (Tex. Civ. App.) 235 S. W. 633; Bishop-Babcock Sales Co. v. Lackman (Tex. Civ. App.) 4 S.W.(2d) 109; Neyland v. Benson (Tex. Civ. App.) 292 S. W. 251; Wichita County Water Dist. v. Const. Co. et al. (Tex. Civ. App.) 272 S. W. 629; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899.

The judgment must be reversed, but we

**808**

think justice will be better served by remanding the cause to the trial court for further proceedings in consonance with this opinion.

Reversed and remanded.