### LLANEZ v. CHISOS MINING CO.
### (No. 1929.)

(Court of Civil Appeals of Texas. El Paso. June 3, 1926.)

**1. Removal of causes ⚙═89(1).**

Petition for removal of a cause to federal court, under U. S. Comp. St. § 1011, when sufficient on its face and accompanied by proper bond, accomplishes the removal, even though an adverse order be entered by state court.

**2. Appearance ⚙═9(6)—Filing of petition and bond for removal of cause to federal court was not "general appearance," as it called for no adjudication by state court.**

Filing of petition and bond for removal of cause to federal court was not a "general appearance" which is entered when defendant invokes judgment of court on any question other than court's jurisdiction without being compelled to do so by previous rulings sustaining jurisdiction, since action called for no adjudication by state court, but merely took the case out of its hands.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Appearance.]

**3. Appearance ⚙═9(4)—Defendant, who files any defensive pleading, makes appearance, giving court jurisdiction over his person; there being no special appearance in Texas.**

Defendant, who files any defensive pleading, makes such appearance as gives court jurisdiction over his person as fully as issuance and service of proper citation; there being no special appearances in Texas.

**4. Removal of causes ⚙═17—Defendant, on refusal of petition to remove cause to federal court, did not restore jurisdiction to state court by defending, nor waive right to object to jurisdiction by insisting on affirmance of judgment in his favor on appeal.**

Defendant, on refusal of his petition to remove cause to federal court, did not restore jurisdiction to state court by answering and defending, nor waive his right to object to jurisdiction by insisting on affirmance of judgment in his favor on appeal.

**5. Removal of causes ⚙═97—Right of removal of cause to federal court could be determined only by federal court, and, between filing petition and bond for removal and filing mandate of federal court remanding cause, state court's jurisdiction was suspended.**

Right of removal of cause to federal court could be determined only by federal court, and, between time of filing petition and bond for removal and filing of mandate of federal court remanding cause, jurisdiction of state court was suspended, and any action of state court during that time would be a nullity.

**6. Appearance ⚙═23.**

Though defendant's petition for removal of cause to federal court was denied, right to change of venue by filing plea of privilege was not waived.

**7. Appearance ⚙═23.**

Filing of "defendant's appearance for removal only to the federal court" *held* not "general appearance" and not waiver of right to file plea of privilege.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Uruslo Llanez against the Chisos Mining Company. From the order and judgment sustaining defendant's plea of privilege, plaintiff appeals. Judgment affirmed.

Goldstein & Smith and Victor C. Moore, all of El Paso, for appellant.

Harper & Howard, of El Paso, and W. Van Sickle, of Alpine, for appellee.

PELPHREY, J. This suit was filed by appellant in the Sixty-Fifth district court of El Paso county, Tex., on the 29th day of September, 1925. On November 3, 1925, appellee filed a petition and bond for removal to the District Court of the United States for the Western District of Texas. The case was remanded to the state district court on January 30, 1926, and a certified copy of the order remanding was filed in said state district court on February 1, 1926. Appellee, on Feb-

ruary 5th, filed a plea of privilege to be sued in Brewster county, Tex. Said plea of privilege was traversed by appellant and on February 13, 1926, after hearing, such plea was sustained, and the cause ordered transferred to the district court of Brewster county, Tex. From the order and judgment of the court sustaining the plea of privilege, this appeal was taken. On November 3, 1925, appellee filed at the same time with the petition and bond for removal an instrument denominated by appellee as "Defendant's Appearance for Removal Only to the Federal Court."

[1] The two questions involved in this case are: First. Did appellee waive its privilege to be sued in Brewster county by filing a petition and bond to have the case removed to the federal court? Second. Did the appellee, by filing the document called "Defendant's Appearance for Removal Only to the Federal Court," enter a general appearance and thereby waive the right to later file a plea of privilege? We think both questions should be answered in the negative.

Section 1011 of the U. S. Compiled Statutes 1918 requires that a party entitled to remove a suit from a state court to the District Court of the United States must make and file a petition, duly verified, in such state court at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought, to answer, or plead to the declaration or complaint of the plaintiff for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court. It has uniformly been held by the courts of this state that—

"A petition for the removal of the cause to the federal court, when sufficient on its face and accompanied by the proper bond, accomplishes such removal, even though an adverse order be entered by the state court." Weller v. Guajardo (Tex. Civ. App.) 174 S. W. 673; Marshall v. Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870; Donovan v. Wells Fargo & Co., 169 F. 363, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250.

[2] If it be true that the filing of the petition and bond for removal, called for no adjudication by the court, but merely takes the case out of the hands of the state court, then that act by appellee was not a general appearance according to the holding of our Supreme Court in St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S. W. 75, in which the court defined a general appearance as follows:

"It seems to be almost uniformly held that a general appearance is entered whenever the defendant invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous rulings of the court sustaining the jurisdiction."

[3] It is well settled that a defendant who files any defensive pleading makes such an appearance as gives the court jurisdiction over his person as fully as would the issuance of proper citation and service thereof, and that there is no such thing as a special appearance in Texas. York v. State, 73 Tex. 651, 11 S. W. 869.

[4] It has also been held that a defendant who has deprived the state court of jurisdiction by filing a petition to remove the cause to a federal court did not, on refusal of the petition, restore jurisdiction to the state court by answering and defending, nor did he restore jurisdiction to the state court, or waive his right to object thereto, by insisting on an affirmance of a judgment in his favor on appeal. Texas & Pacific Ry. Co. v. Davis, 93 Tex. 378, 54 S. W. 381, 55 S. W. 562.

[5, 6] By filing its petition and bond in this case appellee questioned the jurisdiction of the state court, and we can see no good reason why, if that is its contention, that it should be barred from insisting upon being sued in the county of its domicile merely because it did not file along with its petition and bond a plea of privilege. If it had a cause removable to the federal court, then the jurisdiction was in the federal court in and for the district in which the suit was pending, and, to say the least, it would be inconsistent for a defendant to endeavor at the same time to have his case removed to the federal court and transferred to the county of his residence.

Appellee had the right to seek a removal of the cause, and that right could be determined only by the federal court, and, during the time between the filing of the petition and bond and the filing of the mandate of the federal court remanding the cause, the jurisdiction of the state court was suspended. Any action by the state court during that time would be a nullity; therefore, if appellee had filed its plea of privilege along with its petition and bond, no action thereon could have been taken by the state court, and we can see no good reason for requiring a party to file a pleading in a cause where at the same time the party has deprived the court of its jurisdiction.

[7] We are of the opinion that the plea of privilege was filed in the due order of pleading and that the right of appellee to be sued in Brewster county was not waived by its waiting to file said plea until after the cause had been remanded by the federal court; nor do we think that the filing of the special appearance by appellee can be considered as a general appearance and a waiver of its right to file its plea of privilege.

The effect of filing its petition and bond was to specially appear for the purpose of having the cause removed and the mere filing

of the document neither adds to nor takes from the legal effect of such action.

The judgment of the trial court is affirmed.