## BISHOP–BABCOCK SALES CO. OF OHIO v. LACKMAN. (No. 11934.)

Court of Civil Appeals of Texas. Fort Worth.
March 3, 1928.

**1. Pleading ⬅=➡111—To overcome verified plea of privilege, plaintiff must allege and prove facts conferring venue on court in which he sues (Rev. St. 1925, art. 2007).**

In order to overcome verified plea of privilege to be sued in county of one's residence, under Rev. St. 1925, art. 2007, plaintiff must allege and prove the fact or facts relied on to confer venue on court in which suit is instituted.

**2. Removal of causes ⬅=➡97—After removal to federal court and during pendency therein, defendant need not file answer in state court even to merits.**

After suit was removed from state court to federal court and during pendency in latter court, state court had no jurisdiction and defendant was not required to file answer in state court even to merits of case.

**3. Removal of causes ⬅=➡97—Defendant held not required to answer in state court in case transferred to federal court before time for appearing until after remand to state court.**

In suit on contract begun in state court where citation issued required defendant to appear at October term, and before such term case had been transferred to federal court, defendant was not required to answer in state court until after remand of case to it.

**4. Removal of causes ⬅=➡112—Answering to merits and filing cross-action in federal court and delay held not to waive plea of privilege in state court (Rev. St. 1925, art. 2007).**

Where defendant was cited to appear at October term, but before such time case was removed to federal court which remanded case to state court, overruling plea of privilege, under Rev. St. 1925, art. 2007, filed before first appearance term following remand of case on ground that it had been waived by answering to merits in federal court and filing cross-action therein, or by failure to file plea of privilege in state court on or before return day of original petition filed in state court, *held* error.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by Hugo Lackman against the Bishop-Babcock Sales Company of Ohio. On defendant's application the case was removed to the District Court of the United States for the Northern District of Texas at Dallas, which later remanded the case to the state district court. From an order overruling defendant's plea of privilege to be sued in another county, defendant appeals. Reversed, plea of privilege sustained, and case remanded, with instructions.

Turner & Rodgers, of Dallas, R. A. Kilpatrick, of Cleburne, and C. R. Winn, of Dallas, for appellant.

B. Jay Jackson, of Cleburne, for appellee.

DUNKLIN, J. Hugo Lackman instituted this suit in the district court of Johnson county against the Bishop-Babcock Sales Company of Ohio, a private corporation, alleged to be a foreign corporation with its general offices at Cleveland, Ohio, and having a branch office in the city of Dallas, Tex.; Jack Bradford, of Dallas, being the manager of the business of the branch office and authorized by the corporation to represent it in all business transactions in the state of Texas. In his petition plaintiff alleged that he entered into a contract with the defendant for the purchase of a certain soda water apparatus and an ice cream cabinet to be delivered to the plaintiff in the town of Cleburne where he was engaged in a business having to do with the use of such apparatus. At the time the contract was entered into plaintiff paid to the defendant $232 in cash and executed 25 promissory notes, each in the principal sum of $38.40, and later paid the cost of transportation of the apparatus to Cleburne, in the sum of $62.43.

According to further allegations in the petition, the soda fountain and other additions thereto were found to be defective and not as represented by the defendant's agent at the time the contract of purchase was entered into; the same being improperly constructed, and it failed to function as the agent represented that it would do. After discover-

─────────

ing said defective condition of the apparatus, plaintiff took up his complaint with the defendant's agent and as a result of the negotiations with him a compromise agreement was entered into, by the terms of which the defendant agreed to cancel and surrender the notes plaintiff had theretofore executed and to ship a new soda fountain apparatus with new equipment, but defendant later failed and refused to carry out said compromise agreement and failed to either cancel the notes or to ship a new machine. The compromise agreement was upon a valuable consideration.

In a second count in plaintiff's petition, it was alleged that damage resulted to his business in consequence of the use of the defective apparatus that was shipped to him by the defendant. Plaintiff prayed for a judgment canceling the notes he had executed to the defendant, and, in the alternative, for damages sustained by him by reason of the use of the defective apparatus.

That suit was made returnable to the October term, 1926, of the district court of Johnson county. On July 24, 1926, after service of citation, defendant filed in the district court of Johnson county a verified petition for the removal of the cause to the District Court of the United States for Northern District of Texas, at Dallas. At the time the petition was filed, defendant also filed its bond for removal as required by law. The bond for removal was duly approved by the district judge of Johnson county, and he, on July 24, 1926, entered an order granting the petition for removal and transferring the case to the District Court of the United States for the Northern District of Texas at Dallas, with the further order that a transcript of record be made and certified and transferred to that court.

On September 3, 1926, the defendant filed in the federal court an original answer to plaintiff's suit, and also a cross-action seeking a recovery upon the notes executed by the plaintiff and mentioned above. A citation was issued out of that court upon the cross-action so asserted and was duly served upon the plaintiff. On January 13, 1927, plaintiff filed his first amended original petition in the federal court, reasserting the cause of action he had alleged in the state court, and also answering the cross-action filed by the defendant. On the same day the cause was transferred to the equity docket of the federal court. On February 25, 1927, the federal court entered an order remanding the cause to the district court of Johnson county and the pleadings in the cause that had been filed in the federal court at Dallas, together with all the other papers in the cause now filed in the district court of Johnson county after the entry of the order by the federal court remanding the cause. Those documents were so filed at the instance of plaintiff and without the consent of defendant. After the case was remanded, the defendant, on April 5,

1927, filed a plea of privilege in statutory form to be sued in Dallas county, the plea being duly verified as required by the statute.

The first term of the district court of Johnson county which convened after the cause was remanded to that court began on the first Monday in May, 1927. On April 28, 1927, plaintiff moved to dismiss the plea of privilege, first, because it had not been filed in due order of pleading; and, second, because defendant had waived his plea of privilege by filing an answer to the merits and also a cross-action in the federal court, and also by failing to file the plea in the state court on or before the 1st day of the October term, 1926.

The same points were raised in plaintiff's controverting affidavit in reply to the plea of privilege, which controverting affidavit was filed on the 4th of May, 1927. In the controverting affidavit the only facts alleged were that the notes which plaintiff had executed were agreed to be made payable in Cleburne, Johnson county, and that if the notes which are now held by defendant do not so stipulate, then any stipulation for payment elsewhere was fraudulently inserted by defendant without plaintiff's consent.

On June 1, 1927, the plea of privilege and plaintiff's controverting affidavit were heard, and after hearing the same the plea of privilege was overruled. The defendant has prosecuted this appeal from that order.

[1] The record contains a statement of facts showing that the only evidence offered by the plaintiff to overcome the plea of privilege consisted of the pleadings of the parties theretofore filed, the order of the district court of Johnson county transferring the case to the federal court at Dallas, and the order of the latter court remanding the cause to Johnson county. In other words, no oral testimony was introduced to establish the allegations of fact in the controverting affidavit. It is a well-settled rule of decisions that, in order to overcome a verified plea of privilege in statutory form, it is incumbent upon the plaintiff to allege and prove the fact or facts relied upon to confer venue in the court where the suit is instituted. Article 2007, Rev. Civ. Statutes 1925; First National Bank of Bowie v. Bulls (Tex. Civ. App.) 243 S. W. 577; Waxahachie National Bank v. Sigmond Rothschild Co. (Tex. Civ. App.) 235 S. W. 633.

[2-4] The order overruling the plea of privilege does not recite any grounds for that ruling, but in briefs of counsel filed here it has been assumed that the trial judge reached the conclusion that the plea of privilege had been waived by the defendant by answering to the merits of the case in the federal court before the filing of the plea of privilege in the state court, and also by the cross-action filed by defendant in the federal court; or else by a failure to file a plea of privilege in the state court on or before the first Monday in October, 1926, which was the return day of the original petition filed in the suit. We

are of the opinion that the court erred in that ruling. After the suit was removed to the federal court and during its pendency in that court, the state court had no jurisdiction of it and the defendant was not required to file an answer in that court even to the merits of the case. The citation issued in the state court required the defendant to appear at the October term, and since the case was not in that court during that term, necessarily the defendant was not required to answer until after the remand of the case to that court. After the case was remanded the first appearance term of the state court was the May term, and prior to the beginning of that term the plea of privilege was filed. It would be unreasonable to hold that an answer to the merits and a cross-action filed by the defendant in the federal court would be a waiver of the right to file a plea of privilege in the state court later. Llanez v. Chisos Mining Co. (Tex. Civ. App.) 285 S. W. 646.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered sustaining the appellant's plea of privilege and is remanded, with instructions to the trial court to enter such order as is necessary to transfer the case to the district court of Dallas county in accordance with the provisions of the statutes in such cases made and provided.