**Tracey TOLIVER, Appellant,**

v.

**DALLAS FORT WORTH HOSPITAL COUNCIL, Dallas Fort Worth Hospital Council Ventures, Inc., and Dallas Fort Worth Hospital Council Education and Research Foundation, Appellees.**

No. 05–05–00534–CV.

Court of Appeals of Texas,
Dallas.

July 31, 2006.

Leigh W. Davis, Fort Worth, for Appellant.

Charles T. Frazier, Jr., Ishaq Kundawala, Cowles & Thompson, P.C., Dallas, for Appellees.

Before Justices MOSELEY, RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

The sole issue in this appeal is whether Tarrant County's 352nd Judicial District

Court erred in granting appellees' ("DFW Hospital Council's") motion to transfer venue from Tarrant County to Dallas County. Appellant Tracey Toliver contends that the Tarrant County court should not have granted the motion because DFW Hospital Council waived the motion by filing it in violation of the due order of pleadings rule and after the applicable deadline. We affirm.

## RELEVANT PROCEDURAL BACKGROUND

Toliver sued DFW Hospital Council claiming racial and sexual harassment, intentional infliction of emotional distress, negligent hiring and retention of employees, and civil conspiracy. DFW Hospital Council filed, in the state court case, a notice of removal to the United States District Court for the Fort Worth Division of the Northern District of Texas, arguing that Toliver's claims arose under Title VII of the Civil Rights Act of 1964. Several days later, it filed a motion to transfer venue to the Dallas Division of the Northern District and an answer in the federal court case. Toliver objected to the motion to transfer, and on the same day, Judge John McBryde of the Fort Worth Division denied the motion. Thereafter, Judge McBryde granted Toliver's motion to remand the case to the 352nd Judicial District Court. Fourteen days after the remand order was filed with the Tarrant County district clerk, DFW Hospital Council filed a "renewed motion to transfer venue" to Dallas County. The trial court granted the motion and transferred the case to the 14th Judicial District Court of Dallas County.[1] That court ultimately rendered judgment in this case, granting DFW Hospital Council's motion for summary judgment against Toliver.

1. Appellant conceded venue was improper in Tarrant County and was proper in Dallas

## DUE ORDER OF PLEADINGS

Toliver first argues that the trial court erred in granting the motion to transfer venue from Tarrant to Dallas County because DFW Hospital Council did not file its objection to venue in due order as required by Texas Rule of Civil Procedure 86(1). She argues that the motion to transfer venue that was filed in state court was waived because appellees first removed the case to federal district court and filed a motion to transfer and an answer in that court.

DFW Hospital Council argues that it did not invoke the state court's jurisdiction and waive its objection to venue in state court by filing a motion to transfer and an answer in federal court. It contends that proceedings in federal court are not considered in determining whether the due order of pleadings requirement was met for a motion to transfer filed in state court.

### Law and analysis

■ We review a trial court's determination of whether a party has waived an objection to venue under an abuse of discretion standard. *Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 406 (Tex. App.-Houston [14th Dist.] 2004, no pet.). Rule 86(1) requires, in pertinent part, that "[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a."

■ A party may expressly waive venue rights by clear, overt acts evidencing an intent to waive, or impliedly, by taking some action inconsistent with an intent to pursue the venue motion. *Carlile*, 138 S.W.3d at 406; *see Grozier v. L–B*

County but argued that the motion was waived.

*Sprinkler & Plumbing Repair,* 744 S.W.2d 306, 309–10 (Tex.App.-Fort Worth 1988, writ denied). Generally, these actions invoke the judicial power and jurisdiction of the courts. *Gentry,* 891 S.W.2d at 768; *Grozier,* 744 S.W.2d at 310; *see, e.g., McGrede v. Coursey,* 131 S.W.3d 189, 196 (Tex.App.-San Antonio 2004, no pet.) (holding that a party invoked the trial court's jurisdiction and waived any objection to venue by filing an answer to a petition alleging conversion of estate assets before he filed a motion to transfer venue). But filing a notice of removal to federal court before filing a motion to transfer in state court does not waive the motion. *Antonio v. Marino,* 910 S.W.2d 624, 630 (Tex.App.-Houston [14th Dist.] 1995, no writ).

Both parties acknowledge that *Bishop–Babcock Sales Co. of Ohio v. Lackman,* 4 S.W.2d 109 (Tex.Civ.App.-Fort Worth 1928, no writ) addressed similar procedural issues. In *Bishop–Babcock,* plaintiff filed suit in state court in Johnson County. *Id.* at 110. In July 1926, after service of citation, defendant filed a petition for removal to federal court, which the state court granted. *Id.* After the case was removed to federal court, defendant filed an original answer to plaintiff's suit and a cross-action. *Id.* Plaintiff filed a first amended petition, reasserting his cause of action and answering defendant's cross-action. *Id.* In February 1927, the federal court remanded the case to state court in Johnson County. *Id.* In April 1927, defendant filed a plea of privilege, the term then used for a motion to transfer venue, seeking to transfer the case to Dallas County. *Id.* Plaintiff responded by mov-

ing to dismiss the plea of privilege because (1) defendant had not filed it in due order of pleadings and because (2) defendant had waived his plea of privilege by filing an answer to the merits and also a cross-action in federal court and by failing to file his plea in the state court on or before the first day of the October term, 1926, which was the answer due date. *Id.* The state court denied the plea of privilege. *Id.*

The court of appeals reversed, reasoning that after the suit was removed to federal court and while it was pending there, the state court had no jurisdiction over the case and the defendant was not required to file an answer in state court while the case was pending in federal court. *Id.* at 111. The court also held, "It would be unreasonable to hold that an answer to the merits and a cross-action filed by the defendant in the federal court would be a waiver of the right to file a plea of privilege in the state court later." *Id.*[2]

■ In this case, as in *Bishop–Babcock,* other than the notice of removal, the motion to transfer venue was appellees' first pleading filed in state court, and it comported with rule 86(1)'s due order of pleadings requirement. DFW Hospital Council did not invoke the jurisdiction of the state court or otherwise address the merits of this case before removing the case to federal court and did not invoke the state court's jurisdiction or address the merits of the case after remand and before filing a motion to transfer venue. *See Llanez v. Chisos Mining Co.,* 285 S.W. 646, 647 (Tex. Civ.App.-El Paso 1926, no writ) (holding that when a cause has been removed to

---

**2.** Toliver argues that although some issues are similar, *Bishop–Babcock* does not apply because when the court of appeals decided *Bishop–Babcock,* the courts were still holding court by terms: "its implied rule that the venue challenge be filed prior to the answer that is due with the next term of court simply

does not fit the modern system." But the change from the term system to a continuous system of operating courts does not impact the *Bishop–Babcock* holding that the plea was filed in the due order of pleadings, and the defendant did not waive the plea of privilege by filing pleadings in federal court.

federal court and subsequently remanded to state court, the proceedings in federal court do not ordinarily affect the right to object to venue in state court); *see also Gentry v. Tucker,* 891 S.W.2d 766, 768 (Tex.App.-Texarkana 1995, no pet.) (holding that filing a motion for continuance of a hearing on a preliminary matter does not invoke the court's general jurisdiction in the main suit and does not waive a party's objection to venue).

We conclude that appellees did not waive the motion to transfer venue in state court by filing pleadings in federal court. We overrule appellant's issue as it relates to due order of pleadings.

## TIMELINESS OF MOTION

Toliver next argues that the motion to transfer venue was not timely because DFW Hospital Council filed its motion after the deadline for filing an answer. DFW Hospital Council argues that its motion was timely because Texas Rule of Civil Procedure 237a imposes a fifteen-day deadline for answering a lawsuit in state court after remand from federal court and it filed the motion to transfer fourteen days after the case was remanded.[3] In

response, Toliver contends that rule 237a does not apply because DFW Hospital Council filed an answer in federal court: "[i]ts plain language limits its application to circumstances in which a suit is remanded but no answer has been filed in the federal court; if an answer has been filed in the federal court, it is simply inapplicable." Toliver argues that DFW Hospital Council had a "maximum twenty seven (27) days" from service of process to file its answer and that, even excluding the time the case was pending in federal court, it did not file its answer until thirty-nine days after service of process.[4]

### *Law and analysis*

Essentially, the parties argue that the rules that establish deadlines for filing an answer also establish deadlines for filing a motion to transfer venue because the motion has to be filed before the answer. Those rules require either that a defendant answer by (1) the Monday next following the expiration of twenty days after service, *see* TEX.R. CIV. P. 99(b), or (2) fifteen days from the receipt of notice of remand from federal court to state court, *see* TEX.R. CIV. P. 237a.[5]

---

3. DFW Hospital Council also cites *HBA East Ltd. v. JEA Boxing Co., Inc.,* 796 S.W.2d 534, 538 (Tex.App.-Houston [1st Dist.] 1990, writ denied) for the proposition that rule 237a requires the plaintiff to file a copy of the remand order with the state court clerk and notify defendants of the filing in order to trigger the fifteen-day deadline for filing an answer. It argues that its deadline is supposed to be measured from the date Toliver served it with notice of the remand, and because Toliver never notified it of the remand, the fifteen day deadline was never triggered.

4. Toliver does not cite the rule under which she calculated this answer deadline.·

5. Texas Rule of Civil Procedure 99(b) provides, in relevant part, that the citation shall "notify the defendant that in case of failure of defendant to file an answer, judgment by de-

fault may be rendered for the relief demanded in the petition. The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the service date thereof."

Texas Rule of Civil Procedure 237a provides: When any cause is removed to the Federal Court and is afterwards remanded to the state court, the plaintiff shall file a certified copy of the order of remand with the clerk of the state court and shall forthwith give written notice of such filing to the attorneys of record for all adverse parties. All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer. No default judgment shall be rendered against a party in a removed action remanded from federal court if that party filed an answer in federal court during removal.

DFW Hospital Council argues that rule 237a applied here and that its motion to transfer venue was timely because it was filed within fourteen days of remand. Appellant contends that rule 237a did not apply because an answer was filed in federal court and apparently suggests that some other rule applied and required the motion to transfer to be filed within less time.

■ We agree that rule 237a did not establish a deadline to answer in this case because appellees filed an answer in federal court and did not have to also file an answer in state court to avoid a default. But Toliver does not explain why or how some other rule applied or how application of that other rule would result in some kind of waiver of the motion to transfer venue. And even if we assume that she contends that some other rule applied and made the motion to transfer due before it was filed, we still conclude that the motion was not waived.

■ We reach this conclusion because the rules that establish deadlines by which a defendant must answer a lawsuit do not provide that an answer or other pleading is waived if not filed by the deadline. Instead, the rules provide a date before which the plaintiff may not take a default judgment, even if no answer has been filed. After that date, a plaintiff *may* take a default judgment if no answer has yet been filed. And a defendant *may* answer anytime before the trial court enters a default judgment. *See Davis v. Jefferies,* 764 S.W.2d 559, 560 (Tex.1989) (holding that defendant's answer timely when defendant filed it one day after the deadline but more than two hours before trial court rendered default judgment); *Thomas v. Gelber Group, Inc.,* 905 S.W.2d 786, 788–89 (Tex.App.-Houston [14th Dist.] 1995, no writ) (holding that if defendant mails answer to the clerk before trial court announces default judgment, reviewing court will consider answer timely even if clerk does not receive answer until after trial court signs judgment); *Dowell Schlumberger, Inc. v. Jackson,* 730 S.W.2d 818, 819–20 (Tex.App.-El Paso 1987, writ ref'd n.r.e) (holding answer filed during a default hearing but before court announced judgment timely). The same principle applies to motions to transfer venue.

We conclude that DFW Hospital Council's motion to transfer venue was not waived because it filed the motion before it filed any other pleading that invoked the state court's jurisdiction. We overrule this issue as it relates to the timeliness of DFW Hospital Council's motion to transfer venue.

## CONCLUSION

We conclude that the 352nd Judicial District Court did not err in granting DFW Hospital Council's motion to transfer venue. We affirm the trial court's judgment. Tex.R.App. P. 43.2(a).