# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00508-CV

**Basil Brown and Yvonne Brown, Appellants**

**v.**

**Texas State Board of Nurse Examiners; State Office of Administrative Hearings; Katherine A. Thomas, Individually and in her Official Capacity at the Board of Nurse Examiners; Katherine L. Smith, Individually and in her Official Capacity at the State Office of Administrative Hearings; James Johnston, Individually and in his Official Capacity at the Board of Nurse Examiners; Anthony Diggs, Individually and in his Official Capacity at the Board of Nurse Examiners; Neomi Leal, Individually and in her Official Capacity at the Board of Nurse Examiners; Rommel Corro, Individually and in his Official Capacity at the State Office of Administrative Hearings; Patricia Cabrera, Individually and in her Official Capacity at the Board of Nurse Examiners, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN400204, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In the years since the Board of Nursing Examiners ("BNE") revoked her nursing license in 2000, appellant Yvonne Brown has filed a succession of pro se lawsuits against the BNE, its employees, and others in several different state and federal courts seeking to challenge the revocation. These courts have uniformly rejected her claims, federal courts have adjudged them "malicious" and "frivolous," and—even before ruling in this proceeding—a Travis County district court had determined Brown to be a vexatious litigant.

Ms. Brown—now joined by her husband, Basil—attempted to prosecute the underlying suit in Dallas County district court against the BNE, its executive director, and other employees (the BNE defendants), as well as the State Office of Administrative Hearings, an administrative law judge, and the SOAH docket clerk (the SOAH defendants), seeking redress for alleged injuries from the "wrongful revocation" of Ms. Brown's nursing license. Venue was transferred to Travis County. On motion by the BNE defendants, the Travis County district court determined the Browns to be vexatious litigants and ordered them to file security. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051 (West 2002). When they failed to do so, the district court dismissed the Browns' claims against the BNE defendants. Subsequently, the SOAH defendants obtained dismissal of "all Plaintiffs' claims" against them for lack of subject-matter jurisdiction. The Browns have appealed from the district court's now-final orders dismissing the Browns' claims against the BNE defendants for failure to post a bond and dismissing their claims against the SOAH defendants for want of jurisdiction. We affirm both orders.

**BACKGROUND**

The relevant factual and procedural background of this appeal can best be summarized as follows:

| | |
|---|---|
| April 2000 | The BNE revokes Yvonne Brown's nursing license. |
| May 2000 | Yvonne Brown files suit for judicial review of the revocation order in the 191st Judicial District Court of Dallas County. |
| April 25, 2001 | The district court dismisses Ms. Brown's suit for want of jurisdiction, finding that she failed to exhaust administrative remedies by filing a motion for rehearing with the BNE. The court specifically finds that Brown had learned of the BNE's order in time to file a motion for rehearing, but failed to do so. |

2

July 25, 2001          Ms. Brown appeals the judgment of dismissal to the Fifth District Court of Appeals in Dallas without paying a filing fee. The clerk of the court twice advises Brown by letter that failure to pay the fee would result in dismissal for want of prosecution.

October 19, 2001     While her appeal is still pending, Ms. Brown files an original proceeding in the Fifth Court seeking to mandamus the district judge for dismissing her suit for judicial review.

October 23, 2001     The Fifth Court of Appeals dismisses Ms. Brown's appeal for want of prosecution—her failing to pay the filing fee—and denies her petition for writ of mandamus. Brown seeks rehearing of both orders, which the court denies on November 19 and December 5, 2001.

November 16, 2001  While her motions for rehearing are pending in the Fifth Court, Ms. Brown sues the BNE in the United States District Court for the Northern District of Texas, Dallas Division.

March 20, 2002       The federal district court dismisses Ms. Brown's case for lack of subject-matter jurisdiction. Brown appeals the order of dismissal to the United States Court of Appeals for the Fifth Circuit, which later affirms on February 19, 2003 (see below).

April 1, 2002           While her appeal from her federal court suit against the BNE is still pending in the Fifth Circuit, Ms. Brown files another suit in the United States District Court for the Northern District—this time against the BNE's executive director—asserting allegations similar to those she previously made in her prior federal suit against the BNE.

July 18, 2002          Ms. Brown files in the Fifth Circuit a "Motion for Temporary Restraining Order and Preliminary Injunction" seeking relief in her pending federal court suit against the BNE's executive director. The Fifth Circuit denies the requested injunctive relief on the following day. The Fifth Circuit subsequently dismisses the proceeding—which it had docketed as an interlocutory appeal—for want of prosecution after Brown fails to file a brief.

| | |
|---|---|
| December 3, 2002 | The federal district court dismisses Ms. Brown's suit against the BNE's executive director of the Board for lack of subject-matter jurisdiction and res judicata, finding that the complaint is "malicious" and "without merit." |
| February 19, 2003 | The Fifth Circuit affirms the federal district court's March 20, 2002 order dismissing Ms. Brown's federal suit against the BNE, finding that the appeal is "without merit" and "frivolous." |
| May 1, 2003 | The Fifth Circuit dismisses Ms. Brown's appeal against the BNE's executive director for want of prosecution after she fails to file a brief or record excerpts. |
| May 1, 2003 | Ms. Brown files an application for writ of habeas corpus and a request for a temporary restraining order and preliminary injunction, purportedly in her previously-dismissed suit against the BNE's executive director. |
| May 7, 2003 | The federal district court denies Ms. Brown's application for writ of habeas corpus and her request for a temporary restraining order and preliminary injunction. |
| May 8, 2003 | In the district court of Travis County, Ms. Brown files a "Motion to Determine Constitutionality and Lawfulness of Default Hearing"—in substance, a suit for injunctive and declaratory relief against the BNE and SOAH. |
| May 27, 2003 | Ms. Brown, now joined by husband Basil Brown, files the present lawsuit in Dallas County district court. |
| June 5, 2003 | In the pending Travis County suit against the BNE and SOAH, the district court grants the BNE's motion to determine Ms. Brown to be a vexatious litigant and orders her to post security. |
| July 11, 2003 | In the present suit (then pending in Dallas County), the BNE defendants concurrently file a motion to determine Yvonne Brown and Basil Brown to be vexatious litigants and a motion to transfer venue. |

4

| | |
|---|---|
| August 26, 2003 | In the Travis County suit against the BNE and SOAH, the district court dismisses Ms. Brown's suit for failure to post security as required by the court's prior order. Basil Brown files a motion for partial summary judgment claiming that the BNE defendants failed to respond timely to discovery requests. The district court does not rule on the motion. |
| November 21, 2003 | Venue in the present lawsuit is transferred from Dallas County to Travis County. The Browns attempt to appeal this interlocutory order to the Fifth Court of Appeals. |
| March 22, 2004 | The Fifth Court of Appeals dismisses the Brown's attempted interlocutory appeal of the venue ruling for want of subject-matter jurisdiction. |
| April 13, 2004 | Yvonne Brown files an "Original Petition for Bill of Review" in the district court of Dallas County. |
| July 7, 2004 | The district court of Dallas County dismisses Ms. Brown's bill of review proceeding under section 11.103, civil practice and remedies code. In its order of dismissal, the court observes that "once again, Yvonne Brown challenges the revocation of her license." |
| September 9, 2004 | On motion of the BNE defendants, and based on evidence of the prior proceedings referenced above, the Travis County district court determines both Yvonne Brown and Basil Brown to be vexatious litigants[1] and orders the Browns to post a $5,000 security bond. |
| February 14, 2005 | After the Browns fail to furnish the required security, the Travis County district court dismisses their claims against the BNE defendants. |

---

[1]  The district court found that Ms. Brown was a vexatious litigant under subsections 11.054(1) and 11.054(3) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1) (in seven-year period immediately prior to date of motion, at least five litigations were finally determined adversely to the plaintiff or determined to have been frivolous or groundless), (3) (plaintiff has previously been declared a vexatious litigant in a proceeding based on the same or substantially similar facts or occurrence) (West 2002). It found that Mr. Brown was a vexatious litigant under subsection 11.054(1) based on privity with Ms. Brown and under subsection 11.054(2) because he had attempted to relitigate the validity of issues that had previously been determined by other courts.

May 9, 2005          The SOAH defendants obtain dismissal of "all Plaintiffs' claims" against them for lack of subject-matter jurisdiction.

The Browns have perfected appeals from (1) the district court's order of February 14, 2005, dismissing their claims against the BNE defendants; and (2) the court's order of May 9 dismissing their claims against the SOAH defendants.[2]

## DISCUSSION

The Browns bring a total of nine points of error, the first six of which challenge the district court's order dismissing their claims against the BNE defendants, and the remaining three which concern their claims against the SOAH defendants.

**Order dismissing claims against the BNE defendants**

### *Motion to transfer venue*

In their first point of error, the Browns assert that the BNE defendants waived their

---

[2] The order dismissing the Browns' claims against the BNE defendants was signed by the Honorable Margaret Cooper on February 14, 2005. The order dismissing the claims against the SOAH defendants was signed by the Honorable Suzanne Covington on May 9, 2005. At that time, the Browns continued to prosecute a pending motion to compel discovery responses from both the BNE defendants and SOAH defendants and for sanctions. On May 19, the Honorable Scott Jenkins denied the Browns relief and awarded the defendants a total of $1,500 in sanctions against the Browns. The Browns do not complain of this sanctions award in this appeal.

Also on May 19, 2005, the Browns filed their notice of appeal from Judge Cooper's February 14 order. *See* Tex. R. App. P. 27.1. It appears that around this time, the Browns also timely filed a motion for new trial and motion to vacate Judge Covington's May 9 order. These motions were overruled by operation of law. On August 11, the Browns filed a second notice of appeal, addressed to Judge Covington's order. *Id*. 26.1(a)(1). The appellees do not dispute that the Browns timely perfected their appeals of both orders.

venue challenge by not timely filing their motion to transfer. To the contrary, the record reflects that the BNE defendants filed their motion to transfer venue contemporaneously with their motion to declare the Browns vexatious litigants and prior to any other pleadings. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.063 (West 2002); Tex. R. Civ. P. 86.1.[3]

The Browns attribute significance to the fact that the BNE defendants did not file their motion to transfer before the time their answer ordinarily would have been due. *See* Tex. R. Civ. P. 99(b) ("A defendant's answer must be filed by 10:00 a.m. on the Monday next following the expiration of twenty days after the date of service."). Besides overlooking the implications of the stay of litigation under section 11.052 of the civil practice and remedies code, discussed below, the timing of the motion did not alone preclude the district court from considering it. *See Toliver v. Dallas Fort Worth Hosp. Council*, 198 S.W.3d 444, 449 (Tex. App.—Dallas 2006, no pet.). In any event, the Browns failed to preserve their complaint by presenting it to the district court and obtaining a ruling. *See Finley v. May*, 154 S.W.3d 196, 199-200 (Tex. App.—Austin 2004, no pet.) (citing Tex. R. App. P. 33.1). We overrule the Browns' first point of error.

### Failure to file answer

As noted, the Browns filed the underlying suit on May 27, 2003, and, on July 11, the BNE defendants filed a motion to transfer venue and motion to declare the Browns vexatious

---

[3] The BNE defendants' motion to transfer venue was not included in the original clerk's record. On the Browns' request, the motion was included in a fourth supplemental clerk's record. After this supplemental record was filed, the Browns filed a motion formally asking this Court to take notice of the motion to transfer venue and to "incorporate" references to it into the parties' briefs. As this instrument is part of the clerk's record, we have considered it—along with other portions of the clerk's record—when analyzing the parties' arguments and deciding this appeal. We dismiss the Browns' motion as moot.

litigants.  They did not file an answer before obtaining dismissal.  The Browns assert in their second point of error that because the BNE defendants never filed an answer, they "defaulted" and "admitted liability."  These contentions are without merit.

As the BNE defendants observe, once they filed their motion to declare the Browns vexatious litigants, "the litigation [was] stayed and the moving defendant [was] not required to plead" unless and until the court denied the motion or the Browns posted the required security.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.052(a) (West 2002).  Neither event occurred here.

In response, the Browns emphasize that section 11.051 authorizes a defendant to file a motion to declare a plaintiff a vexatious litigant "on or before the 90th day *after the date the defendant files the original answer* or makes a special appearance."  *Id*. § 11.051 (emphasis added).  The Browns construe this language to mandate that a defendant must first file an answer or special appearance before filing a motion to determine the plaintiffs to be vexatious litigants "under Section 11.051."  We disagree.

When construing a statute, our objective is to determine and give effect to the legislature's intent.  *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005).  We ascertain that intent "first and foremost" from the statute's language as written.  *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006).  We must consider the statute as a whole, not individual provisions in isolation, and we should not give one provision a meaning out of harmony or inconsistent with other provisions, even though it might be susceptible to such a construction standing alone.  *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002); *Fitzgerald*

8

*v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999).

The plain language of section 11.051 simply provides a deadline after which defendants may no longer file vexatious-litigant motions. Prior cases applying section 11.051 are consistent with this interpretation. *See, e.g.*, *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 377 (Tex. App.—Dallas 2005, no pet.) (motion untimely when filed more than ten months after answer was filed); *Spiller v. Spiller*, 21 S.W.3d 451, 454 (Tex. App.—San Antonio 2000, no pet.) (motion untimely when filed approximately nine months after answer was filed). Nothing in section 11.051 implies that a defendant must answer before filing a motion under that section, and such an interpretation would flatly contradict the stay provisions of section 11.052(a). *See Needham*, 82 S.W.3d at 318. We accordingly reject the Browns' construction of section 11.051,[4] and overrule their second point.

### Deemed admissions

In their third point of error, the Browns assert that BNE defendants Thomas, Johnson and Biggs "procedurally defaulted" by failing to timely respond to the Browns' requests for admissions, that the requests were consequently deemed against them, and that these admissions established their liability. The Browns argue in their fourth point that, for the same reasons, the district court erred in refusing to consider and grant a motion for partial summary judgment they filed

---

[4] We further observe that even if the BNE defendants had been required to answer, their failure to do so would not have automatically resulted in a default. In such an instance, the plaintiff must obtain a default judgment either by filing a written motion for default judgment or by appearing before the district court and requesting that a default judgment be entered. *See* Tex. R. App. P. 238, 239; *Kao Holdings, L.P. v. Young*, 214 S.W.3d 504, 510 (Tex. App.—Houston [14th Dist.] 2006, pet. filed). The record does not reflect that the Browns ever did so.

based on the deemed admissions. We reject these arguments.

Again, "the litigation [was] stayed" unless and until the Browns furnished the required security, which they never did. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.052(a). The defendants accordingly had no obligation to respond to the Browns' discovery. Alternatively, the Browns acknowledge that each of these defendants responded to the requests within fifty days of service. Responses to requests for admissions must be served on the requesting party within thirty days after service of the request, except that a defendant served with a request before the defendant's answer is due need not respond until fifty days after service of the request. Tex. R. Civ. P. 198.2(a). The fifty-day deadline would have applied here: at the time the requests were served, the defendants' answers were not due (and never became due) because of the section 11.052(a) stay. We overrule the Browns' third and fourth points of error.[5]

### *Vexatious litigant determination and dismissal*

In their fifth and sixth points of error, respectively, the Browns assert that the district court erred in determining them to be vexatious litigants and in dismissing their claims against the BNE defendants. As presented in the Browns' briefs, these complaints are predicated solely on their contentions that the BNE defendants "defaulted" by failing to answer or "procedurally defaulted" by failing to timely respond to requests for admissions. We have rejected both contentions above. To the extent these points of error might extend more broadly, we conclude they are inadequately briefed and, therefore, waived. Tex. R. App. P. 38.1(h). In any event, based on the record

---

[5] The Browns have filed a "Motion for Procedural Default" in which they assert arguments identical to those in their third and fourth points of error. We overrule the motion.

10

summarized above, the district court did not abuse its discretion in determining the Browns to be vexatious litigants and in dismissing their claims against the BNE defendants. We overrule the Browns' fifth and sixth points of error.[6]

## Order dismissing claims against the SOAH defendants

### *Attendance at venue hearing*

In their seventh point of error, the Browns complain that the SOAH defendants were not entitled to a transfer of venue because their counsel was not present at the hearing. On October 1, a venue hearing was held before an associate judge of the 44th Judicial District Court in Dallas County. The record reflects that the SOAH defendants were present at this hearing. Following the hearing, the associate judge granted the motion to transfer. The Browns appealed the decision to the district court, and another hearing was held, after which the district court affirmed the associate judge's decision. The SOAH defendants concede that they were not present at this hearing (because, they contend, the Browns failed to give them proper notice). Whether the SOAH defendants were present at the hearing on the Browns' appeal of the associate judge's venue ruling has no bearing on the merits of that ruling. We overrule the Browns' seventh point of error.

### *"Jurisdiction"*

In their eighth and ninth points of error, the Browns assert that the district court erred

---

[6] The Browns have filed a "Motion to Void Order Declaring Appellants Vexatious Litigants" and a "Motion to Strike Appellees Motion to Determine Appellants Vexatious Litigants." These motions assert arguments identical to those in the Browns' second, fifth, and sixth points of error. We overrule both motions.

11

in dismissing their claims against the SOAH defendants for lack of subject-matter jurisdiction. However, the Browns do not contest the merits of the SOAH defendants' plea to the jurisdiction, the basis of which was sovereign immunity. Instead, the Browns assert that by transferring venue, the Dallas County district court impliedly determined that it had subject-matter jurisdiction. On the other hand, the Browns claim, the Travis County district court, by granting the plea to the jurisdiction, determined that it did not have jurisdiction. According to the Browns, instead of dismissing the case, the Travis County district court should have transferred the case back to the court that the Browns contend did have jurisdiction—the Dallas County district court.

The Browns confuse the concepts of venue and jurisdiction. The transfer of a case from one court to another "pertains to venue, not jurisdiction." *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005). The question of venue involves "where a suit may be brought and is a different question from whether the court has jurisdiction of the property or thing in controversy." *Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The order transferring the case to Travis County does not reflect that the Dallas County district court made a determination that it had subject-matter jurisdiction. The Dallas County district court simply determined that Travis County was a more appropriate forum for resolution of the case.

As for the Travis County district court, once it determined that it did not have jurisdiction over the SOAH defendants on the basis of sovereign immunity, dismissal was the district court's only option. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *Volume Millwork, Inc. v. W. Houston Airport Corp.*, 218 S.W.3d 722, 726 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The Travis County district court could not have transferred the case back to

12

Dallas County because sovereign immunity would bar the Browns from suing the SOAH defendants in any court in this state. *See also Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) (holding that subject-matter jurisdiction may be raised at any point in proceedings); *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex. App.—Austin 1994, writ denied) ("If at any time during the trial court's proceeding it becomes apparent that the court has no lawful authority to adjudicate the issues presented, the court must dismiss the case.").

We overrule the Browns' eighth and ninth points of error.

## CONCLUSION

Having overruled the Browns' points of error, we affirm the final orders of the district court dismissing their claims.[7]

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: October 18, 2007

---

[7] The Browns have filed a "Motion to Expedite Ruling," asking this Court for an "immediate decision" on prior motions that it had filed. These prior motions, as noted above, were largely duplicative of the arguments they assert in this appeal, and were accordingly carried to the merits. We dismiss this motion as moot.